Kaluahine *v.* S. B. Dole, Trustee of the Estate of N. Z. Kaluahine.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

KALUAHINE (K.) *vs.* S. B. DOLE, TRUSTEE OF THE ESTATE OF THE LATE NAPUA ZUPPLIEN KALUAHINE, DECEASED.

ON the wife's death, her personal property vests in her HUSBAND subject to her debts *dum sola*.

This case is submitted on an agreed statement of facts. It appears that Napua Zupplien made a deed in trust, bearing date April 15th, 1871, of all her estate, real and personal, with the exception of her interest in the awa trade, to S. B. Dole, in which trust deed it was expressly declared that the said trustee shall hold 'the said "real and personal property and use the same with the issues, rents and profits thereof for her benefit, according to his best judgment, with full power to convey or mortgage the whole or any part of the same, as in his judgment he shall think necessary for the benefit of the said estate or the said grantor, and after the death of the said grantor to convey the said real and personal property, or whatever part of it then remaining in his hands, to the heir, or heirs of her body, or according to the tenor of my will, if I leave a valid will, in fee, or if neither, to my heirs, according to law."

It further appears that Napua Zupplien married Kaluahine on the 15th of May, 1871; that previous to marriage she had incurred debts to McInerny for about the sum of $600, and to H. Dimond for the sum of $500, and secured the same by mortgage on her real estate; that Napua Zupplien Kaluahine died intestate on the 24th of September, 1871.

The questions submitted are the following :

1. Upon the death of the said Napua, notwithstanding the deed of trust aforesaid, did the personal property belonging to her estate, absolutely vest in the husband, Kaluahine, and did his obligation to pay the debts cease ?

2. After the death of the said Napua, is her husband, Kaluahine, responsible for her debts, especially those contracted before marriage and secured by mortgage on her own real estate ?

The first question which arises in this case is,—is the personal property in the hands of the trustee liable to pay the debts of the grantor contracted prior to the marriage ? Section 1286 of our statutes provides that the husband shall be accountable in his own property for all debts contracted by his wife anterior to, and during marriage, as well as to provide for and support his wife. The husband, in virtue of his marriage and in consideration of the responsibilities imposed on him by law, shall be the virtual owner of the movable property belonging to the wife anterior to marriage and accruing to her after marriage, and the same shall be liable for his own private debts ; and he shall have the enjoyment of the real estate, but upon her death he shall cease to have control of the real estate, and the same shall descend to her heirs, unless there is legitimate issue of the marriage within the age of legal majority, then the husband shall continue to enjoy a courtesy in said property until such issue shall attain majority, when the same shall descend to her heirs.

The real estate is not liable to be sold for the husband's debts, whether contracted in his own behalf solely, or for the use of his wife after marriage. But it is liable for the debts of the wife contracted by the wife before marriage, if no property of the husband can be found to satisfy the same.

By the statutes, the husband is accountable in his own property for debts contracted by the wife anterior to marriage. The statute does not declare that it shall cease on the

death of the wife. By what authority then can the Court so adjudge ? We are of opinion that it is our duty to give interpretation to our statutes according to their terms.

There is no doubt that at common law, the liability of the husband for debts of the wife, contracted *dum sola*, ceased at her death. But by our statutes there is no provision to that effect, and we are disinclined to give this interpretation to the case. But even should we give this interpretation, it could not apply to the present case. The personal property consisted mainly of choses in action in the hands of the trustee, as appears by the trust deed referred to in the submission, and not reduced to possession. Chancellor Kent says "that if the wife leaves choses in action not reduced to possession in the wife's life-time, the husband will be liable for her debts, *dum sola*, to that extent, for these choses in action will be assets in his hands." But as they have been and are now in the hands of the trustee, we hold that he would have been justified in applying the proceeds to the payment of the debts of the grantor, contracted before marriage. The responsibility of payment rests upon the trustee, that he pay no debt not legally due. He was vested with full powers to manage the estate for the best interest of the grantor, and after her death to convey the real and personal property remaining in his hands to her heirs, according to law, in case she did not make a will.

The debts referred to are still due and unpaid, and we are of opinion that the personal property in the hands of the trustee should be applied to their payment. And there can be no doubt that, prior to her death, he had full powers to pay said debts from the personal property in his hands, for he had the large discretion of managing the property according to his best judgment.

The husband has the prior right of appointment as administrator, although the judge for satisfactory cause may disregard it. But the trustee would be justified in declining

to surrender the property to any one unless legally author- ized to receive it. And it could make no difference with the estate whether the debts were paid by the trustee or the administrator: the result would be the same to the husband. We regard the personal property in the hands of the trustee as a fund from which to pay the debts of the wife incurred *dum sola,* and we regard it the duty of the trustee as within the purview of the trustee deed to pay all debts of the grantor, to remove all obligations from property in his hands, and then to pay over the balance to those entitled by law to receive it.

The authorities cited by the counsel for the husband fully sustain the legal position that, at common law, the husband is liable for the wife's debts *dum sola* only during coverture, unless the creditor receive judgment against him in the wife's life-time. But we regard our statute as creating this liability, and to this extent in conflict with the common law. The doctrine as maintained by the counsel for the husband, would work great injustice in a case when the husband should receive the property of the wife, and refuse to apply it to the payment of her debts, and if he is not liable after the death of the wife, this would be often the case.

The injustice of the common law has often been com- mented upon by the Chancellors of England. In the case of Freeman *vs.* Goodham, Peere Williams, R. p. 410, where a *feme dum sola* bought goods but did not pay for them, and afterwards married and died, having brought a good portion which came to the hands of her husband, who, on the creditors filing a bill against him, to be paid for the goods, demurred. The Lord Chancellor, Nottingham, overruled the demurrer, saying with some earnestness, *that he would alter the law in that point.* So in the case of Powell *vs.* Bell, Abridgment of Cases in Equity, 60 pl. 7, Precedents in Chancery, 256, it was decreed that the wife who had con- tracted debts *dum sola,* being dead, the husband should

48

account for what he had received with her, and should be so far liable to her debts.

We are of opinion that the personal property, including the choses in action, conveyed in the deed of trust to S. B. Dole, vests in the husband on the death of the wife, subject to the payment of the debts of the wife contracted anterior to marriage.

W. C. Jones for plaintiff.

S. B. Dole for defendant.

Honolulu, February 10th, 1872.