# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## SOUTHERN GRAND DIVISION.

### JUNE TERM, 1872.

### WILLIAM BONNER

*v.*

### JOHN GORDON *et al.*

1. PLEADING—*declaration on a promissory note—whether sufficient.* A party declared on a promissory note, as payable to his order, by the name and style of the First National Bank of Centralia. The note read: "We promise to pay to the order of the First National Bank," etc.: *Held,* that, while it was extraordinary that the plaintiff should have taken a note payable to himself by the name and style as above, a demurrer to the declaration was improperly sustained, as such a thing was not impossible, and may have arisen from some mistake susceptible of explanation.

2. But on the trial the mere production of the note would not prove this averment in the declaration, as it is permitted to do where a note is declared upon as payable to a plaintiff by his proper surname and the initials of his christian name. The note, on its face, raising no presumption that it was payable to the plaintiff by the name and style set out in the declaration, that fact would have to be proven.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a suit brought by Bonner against Gordon and others, on the following promissory note :

CENTRALIA, ILL., June 30th, 1867.

Sixty days after date, we promise to pay to the order of the First National Bank of Centralia, at the office of the First National Bank of Centralia, five hundred dollars, for value received, negotiable and payable without defalcation or discount, with interest from maturity at the rate of ten per cent per annum.

(Signed)                        JOHN GORDON,
                                A. RAUCK,
                                JOHN DENLER.

Mr. W. STOKER, for the plaintiff in error.

Mr. AMOS WATTS, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

In this case the plaintiff declared on a promissory note, payable to his order, by the name and style of the First National Bank of Centralia. The defendant demurred, and the demurrer was sustained.

It is extraordinary that Bonner should have taken a note payable to himself by the name and style of the First National

Bank of Centralia, but the demurrer admits he did so, and that the defendants gave it. This is not impossible, and may have arisen from some mistake susceptible of explanation. The demurrer, therefore, should have been overruled. It is, however, to be remarked that on the trial the mere production of the note will not prove this averment in the declaration, as it is permitted to do when a note is declared upon as payable to a plaintiff by his proper surname and the initials of his christian name, or, when made payable to the members of a firm, by the firm name.

In this case the note, on its face, raises no presumption that it was made payable to Bonner by the name and style set out in the declaration, and that fact will have to be proved on the trial.

The judgment is reversed and the cause remanded.

*Judgment reversed.*