# THE COLORADO LAW REPORTER.

VOL. I.]          DENVER, FEBRUARY, 1881.          [NO. 6

## THE COLORADO SPRINGS CO. *v.* HOPKINS *et al.*

*(Supreme Court of Colorado, December Term, 1880, upon Petition for Re-hearing.)*

For opinion originally delivered in this cause, see REPORTER No. 1, page 11.

PRACTICE IN SUPREME COURT—WILL NOT REVERSE WHEN NO ERROR IN THE RULING APPEARS—FAILURE TO ÁMEND IS AT THE PERIL OF THE PARTY. It is not the practice of this court to reverse the decisions and judgments of *nisi prius* courts, when, upon review, no errors are found therein. Ample opportunity for the amendment of proceedings is afforded in those courts, and parties declining to avail themselves thereof, when their pleadings are adjudged insufficient, do so at their own peril.

PER CURIAM.   The first reason assigned why a rehearing should be granted is, that the court, in the opinion filed, said: "The property being in the possession of the defendant Hopkins, at the time of the trial of the replevin suit, if the right of possession was then in the plaintiff in error, the judgment should have provided for its return."   And this, counsel suggests, is error in fact, as plaintiff had possession of part of the property at the time of the trial of the replevin suit.

A reference to said opinion will show that this language was used in discussing the correctness of the ruling of the district court, in sustaining the demurrer interposed to the second cause of action in the complaint.   This cause of action was: "Plaintiff says, the said Hopkins has not delivered to it the whole of said chattels, but failed to deliver a portion of said chattels, amounting in value to the sum of five hundred dollars."   We say in respect

31

to this property, that there being no order for its return, it does not appear that there was a breach of the replevin bond as to it.

The condition of the bond as set out in the complaint in this cause is: "Now, if the said R. L. Hopkins shall pay all costs which have accrued, or may accrue in the said action of replevin, and deliver said property to the said Colorado Springs Company, in case return thereof shall be awarded, and pay all damages that may accrue to said plaintiff, the Colorado Springs Company, by reason of the unlawful detention of said property, then this obligation to be void; otherwise to remain in full force and effect."

Counsel insists, that under this condition of the bond, defendant in error and his sureties were liable for the damages caused by the wrongful detention. But it does not appear from the present complaint, that Hopkins was adjudged in the replevin suit, guilty of a wrongful detention of any chattels after the issuance of the writ of replevin; and it shows affirmatively that he secured damages in that proceeding for the detention prior to the issuance of the writ.

According to the allegations of the complaint in this cause, the finding and judgment in the replevin was: "To the effect that plaintiff was at the time of the issuance of the said writ of replevin entitled to the possession of said chattels; that plaintiff also recovered damages for the detention of said chattels, after demand therefor, and before the issuance of said writ, to the amount of one dollar, and for costs of suit, amounting to the sum of fifty dollars and eighty cents.

The replevin suit was brought to try the right of possession to the entire property. The judgment was, that the plaintiff in error was entitled to the possession of the property at the time the writ of replevin issued, and damages were allowed for detention up to that time. But it does not appear from this complaint, that it was adjudged in that proceeding that said plaintiff was entitled to the possession of any portion of the property after the writ is sued, or at the time of the trial; and there is no averment in the complaint that the merits of the controversy, respecting the property, were not adjudicated in the replevin suit. The replevin bond was executed after the seizure of the property on the writ of replevin. Damages for the detention having been recovered up to that time, and no adjudication that the property was wrongfully detained afterwards, it is difficult to perceive upon what

principle of law the sureties can be held liable for a wrongful detention under the allegations of this complaint. It fails to state a cause of action in their behalf, and the demurrer was therefore properly sustained.

The last reason assigned why the rehearing should be granted, is, that " the court erred in affirming the judgment without remanding the cause, and granting leave to amend."

It is not the practice of this court to reverse the decisions and judgments of *nisi prius* courts, when, upon review, no errors are found therein. Ample opportunity for amendment of pleadings is afforded in those courts, and parties declining to avail themselves thereof, when their pleadings are adjudged by said courts to be insufficient, bring their causes here upon their own judgment, and at their own peril.

Petition for rehearing denied.