KALUA *vs.* S. SELIG, Administrator.

EXCEPTIONS TO RULINGS OF JUDD, C. J.

OCTOBER TERM, 1886.

JUDD, C. J.; MCCULLY AND PRESTON, JJ.

Plaintiff, a Hawaiian girl, sued defendant as administrator of Ahuna, deceased, for domestic services alleged to have been performed by her for said Ahuna: it was not denied that at the time of Ahuna's death plaintiff was living with him as his mistress:

Held, that although subsequent seduction would not bar the right to recover wages for prior proper domestic service, yet in this action the jury could not give a verdict for plaintiff as compensation for her seduction, it appearing clearly that the original bargain between plaintiff and Ahuna was for her person.

Verdict for plaintiff set aside, and new trial ordered.

OPINION OF THE COURT, BY MCCULLY, J.

ASSUMPSIT: Verdict for the plaintiff.

Upon exceptions to the verdict, as against the law and the

evidence, and motion for a new trial, the Chief Justice, holding the term, ordered a new trial. The plaintiff's bill of exceptions to this order, setting forth the evidence given in the case and the instructions in law given to the jury, is the matter before the Court.

The evidence shows that Ahuna, at a date in 1884, went to the mother of the plaintiff, then a girl of fifteen, attending school. In the evidence given by the girl and her mother the phraseology used is that Ahuna wished to engage her to do household and housekeeping work, such as cooking, washing, sweeping rooms, making beds, sewing. The girl and her mother assented and shortly after went to the residence of Ahuna. The mother at that time remained five days, lodging at Ahuna's, occupying a bedroom by herself. The plaintiff, the first night, cohabited with Ahuna, and continued this cohabitation for the two years up to the day of his death. There is no evidence showing that she objected to this in the beginning or at any time afterwards. There is no evidence that she was coerced or was deceived.

She testifies that Ahuna engaged her for a long time; "he didn't mention the number of years; he said I was to live a number of years with him. My mother was paid for Ahuna's injuring me, when I came to live with him, $100."

The force of the whole evidence is, that she voluntarily did what her mother, with herself, had bargained that she should do: became Ahuna's mistress.

That she did become his mistress, and lived in that character, bearing him one child in his lifetime, is, we believe, not contested by the plaintiff.

There is a conflict of testimony as to the amount of labor which she performed. The weight of testimony, in our view, supports that she did not sustain the character and do the work of a servant; she merely did what the wife of Ahuna might have done.

Ahuna had no wife; the plaintiff was the only female on his premises; there were several men servants, including a cook.

The contention of the learned counsel for the plaintiff is that there was a *bona fide* contract for labor service merely, and that the service was performed, and that Ahuna (and his estate) could not be relieved from his assumpsit by the after seduction of the girl.

82

The proposition of law is right and is not disputed. If the agreement of the girl did not originally contemplate her becoming Ahuna's mistress, but was for proper domestic service, and such service was performed, a subsequent seduction would not bar the right to recover wages. So the Court charged the jury that "à contract will not be avoided because it may by any probability facilitate an illegal transatction. To render it void, the connection with the illegal transaction must be direct, and not remote or conjectural, but the other services cannot cover up the fornication, if the substantial agreement was to live with him as a mistress."

The verdict of the jury was contrary to the law and the evidence, unless it appeared that there was a contract for service clear of the immoral bargain.

The jury was properly instructed that they could not in this action give the plaintiff a verdict in compensation for seduction.

In view of the evidence given it is apparent that the jury disregarded the instructions.

There was no credible and sufficient evidence to support the verdict upon the only ground upon which it could be given.

It is transparent from the evideuce of the plaintiff herself, that the oiiginal bargain was for her person, and we should stultify ourselves to find any other conclusion from the euphemistic language of the plaintiff, or from the employment she occupied herself with.

We are of opinion that the trial Justice might properly have ordered, if asked, judgment *non obstante veredicto.*

Upon the same state of facts the same result must follow again, but the form of our judgment must be, that the exceptions are overruled, verdict set aside, and a new trial is ordered.

It is due to the learned Justice who presided at the trial to say that the defendant, desirous of closing the account of the estate, and of getting the verdict of a jury on this claim, waived the objection to a minor's suing for wages.

*Paul Neumann* and *W. A. Kinney,* for plaintiff.

*S. B. Dole,* for defendant.

Honolulu, October 20, 1886.