URSOLDA SHERMAN vs. F. HARRISON, Administrator.

EXCEPTIONS TO DECISION OF BICKERTON, J.

SPECIAL TERM, MARCH, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Coverture cannot be raised in defense unless notice has been given, by Rule XI.

The plaintiff having put in evidence a deed of her husband's, it must be taken that he was living at that date, and that the proceeds of her real estate, then with her consent sold, became the property of the husband.

The money loaned by plaintiff to the decedent was not upon a trust, and the plaintiff must be considered as her husband's agent.

OPINION OF THE COURT, BY PRESTON, J.

This is an action of assumpsit in which the plaintiff Ursolda Sherman sues the defendant F. Harrison as administrator of the estate of his late father, S. Harrison, for the sum of $1600 and interest thereon from May, 1881, being money alleged to have been received by the said intestate upon trust, and upon the agreement of the said intestate to pay the same to her with interest when so requested by the said plaintiff.

The defendant pleaded the general issue and the statute of limitations.

The case was tried by Bickerton, J., without a jury, on the 18th of February last.

From the evidence it appears that the plaintiff lent this sum of $1600 to the defendant's intestate, the plaintiff being at that time a married woman, the money being the proceeds of her real estate ($1500) and of certain horses ($100) sold by her.

The plaintiff put in evidence a deed dated 2d April, 1881, whereby the plaintiff and Horace Sherman, her husband, conveyed certain real estate to Philip Milton in consideration of $1500 to the plaintiff and her husband paid by said Milton.

This deed was executed by the plaintiff and by her husband by his attorney-in-fact, J. I. Dowsett.

At the trial, defendant's counsel asked the plaintiff, on cross-examination, "Are you a married woman?" whereupon plaintiff's counsel objected, on the ground that the defendant had not pleaded coverture, and that the action was brought under the "Married Woman's Act, 1888," which objection the Court sustained, and the defendant duly excepted.

On the 25th February the said Justice gave judgment for the plaintiff for $2134 and costs.

To this decision the defendant excepted as being contrary to law, which exception was duly allowed.

### By the Court.

The defendant not having given notice of his intention to rely upon the coverture of the plaintiff, the Court was right in disallowing the question asked, and the first exception must, therefore, be overruled.

The plaintiff herself having put in the conveyance from herself and her husband to Milton, it must be taken to be the fact that the plaintiff's husband was alive on the 2d April, 1881; the proceeds of the plaintiff's real estate was then converted into personal estate by the voluntary act of the parties, and became the property of the husband; the proceeds of the horses, being personal estate, also belonged to the husband.

The money was lent to Harrison for the purpose, as appears by the testimony, of betting upon horse-races, and not upon any trust as alleged in the petition, and the plaintiff must be taken to have been the agent of the husband for that purpose. The husband could have recovered the money from Harrison as his own, and not as a chose in action of his wife, the plaintiff, and the action should have been brought in his name if alive, or in that of his legal personal representative if dead.

This point was not raised at the trial, nor was it argued at the hearing of the exceptions; but counsel were requested by the Court afterwards to argue the matter.

Under these circumstances, we think the decision excepted to should be reversed, and a new trial ordered. But as, from our view of the case, the plaintiff cannot succeed in her own right; and if a new suit is brought, it will be out of time (two months from the refusal of the administrator to pay the claim having elapsed), we think the justice of the case will be met by allowing the plaintiff three months to amend the petition by making her husband the party plaintiff, or, if administration on his estate be obtained, by substituting his personal representative as plaintiff, or in such other manner as may be . advised.

The plaintiff must pay the costs of the exceptions and of the amendments, if made.

*A. S. Hartwell,* for plaintiff.

*Cecil Brown,* for defendant.