## POLLY ANN NILES *v.* HENRY D. HALL.

*Liability of wife's property for husband's debts.*

1. How far the wife's property, or its income, shall be subject to the payment of the husband's debts, is a matter of legislative control as a part of the marriage relation.

2. The fact that the income of the wife's real estate is, at a particular period, liable for certain debts of the husband in virtue of legislative enactment, does not give a creditor, whose debt accrued during that period, any prospective interest in the future income of such sale.

3. Between 1878 and 1883 the products of the wife's real estate were by statute made liable for the husband's debts contracted for family necessaries. By the act of 1884 that liability was removed. *Held,* that a debt for necessaries contracted previous to 1884 could not be enforced against the income of the wife's real estate after the passage of the act of that year.

Replevin for a quantity of hay, corn and oats. Plea, the general issue. Trial by court at the December term, 1890, Taft, J., presiding. Judgment for the plaintiff. The defendant excepts. The opinion states the case.

*Waterman, Martin & Hitt,* for the defendant.

The act of 1884 should not be given a retrospective effect. Potter's Dwarris, 74, 162; *Hine* v. *Pomeroy,* 39 Vt. 211; *Starks-*

*boro* v. *Hinesburg*, 13 Vt. 215; *Harris* v. *Townshend*, 56 Vt. 716; 1 Kent Com. 455.

So far as it concerned past debts it was unconstitutional. *State ex rel. Ranger* v. *New Orleans*, 102 U. S. 203; *Edwards* v. *Kearzey*, 96 U. S. 595; 1 Bac. A. tit. Actions, B; *Walker* v. *Whitehead*, 83 U. S. 314; *Von Hoffman* v. *Quincy*, 4 Wall. 548; *McCracken* v. *Hayward*, 2 How. 608; *Green* v. *Biddle*, 8 Wheat. 1; *Bronson* v. *Kinzie*, 1 How. 311; *Bk.* v. *Sharp*, 6 How. 301; *Gunn* v. *Barry*, 82 U. S. 610; *Morse* v. *Gould*, 11 N. Y. R. 281; *Rue* v. *Alter*, 5 Denio 119.

*Batchelder & Barber*, for the plaintiff.

Save for the statute the creditors of a husband never had any interest in the property of his wife. *Richardson, Admr.* v. *Estate of Merrill et al*, 32 Vt. 27; *Richardson* v. *Waite*, 29 Vt. 536; *Porter et al* v. *Bank of Rutland et al*, 19 Vt. 412; *Bruce and wife* v. *Thompson*, 26 Vt. 741; *Cardell* v. *Ryder*, 35 Vt. 47; *Child* v. *Pearl*, 43 Vt. 224; *Dale* v. *Robinson*, 51 Vt. 30 and 31; *Hubbard* v. *Bugbee*, 58 Vt. 178.

The act of 1884 is constitutional. Cool. Con. Lim., p. 443; *Somers* v. *Johnson*, 4 Vt. 280; *Richardson, Admr.* v. *Cook et al*, 37 Vt. 600; *Watson* v. *N. Y. C. Rd. Co.*, 47 N. Y. 157; *Van Rensselaer* v. *Snyder*, 13 N. Y. 299; *Conkey* v. *Hart*, 14 N. Y. 30; *Van Rensselaer* v. *Hays*, 19 N. Y. 68; *Van Rensselaer* v. *Ball*, 19 N. Y. 100; *Garrett* v. *Cheshire*, 60 N. C. 396; S. C. 12 Am. Rep. 647; *Bell* v. *Roberts*, 13 Vt. 585; *Edwards* v. *Kearzy*, 96 U. S. 595.

The opinion of the court was delivered by

MUNSON, J. The property replevied consists of hay and grain which were grown on the plaintiff's farm in the year 1889, and which were obtained by the defendant through an execution sale had in satisfaction of a judgment recovered by him against the plaintiff's husband in 1887; the judgment being for necessaries furnished the family between the years 1878 and 1883.

Polly Ann Niles *v.* Henry D. Hall.

During the time the defendant's account was accruing, the annual products of the wife's real estate could be levied upon in satisfaction of debts contracted by the husband for family necessaries; and the defendant insists that the clause of s. 2, No. 140, Acts of 1884, which provides that such products shall not be liable for the husband's debts, so far as any application to pre-existing demands may be claimed for it, is unconstitutional and void.

The determination of this case does not necessitate an examination of the numerous decisions concerning the constitutionality of statutes by which the valuation limit of exempted property is increased or another class of property added to a list previously exempted. The case is not governed by these decisions, but by the doctrines which pertain to the marriage relation, and to the power of the Legislature to regulate and control that relation. The property which the defendant seeks to hold on his execution against the husband is the product of the wife's land, grown after the passage of the act by which such products were relieved from any liability for the husband's debts. The defendant claims this right by virtue of a prior statute, which regulated the disposal of these annual products in a different manner. Statutes of this class rest upon the right of the State to regulate the marriage relation, and are liable to be altered whenever the good of that relation is thought to require it. It would seriously abridge this beneficent control of the State, to hold that a creditor of the husband has an interest in the prospective products of the wife's realty which cannot be taken away by legislation. Such a holding is not required by the provisions of the federal constitution. Neither the husband nor the husband's creditor has any right to the future products of the wife's real estate that is not subject to legislative control. *Baker's Executors* v. *Kilgore*, 145 U. S. 487.

*Judgment affirmed.*