J. I. DOWSETT *vs.* FLORA JONES AND PIERRE JONES,
Her Husband.

EXCEPTIONS.

HEARING, SEPTEMBER 13, 1894.     DECISION, OCTOBER 2, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A married woman could, even prior to the Married Woman's Act of 1888, make a valid contract, provided her husband consented thereto, under Sections 1286 and 1287 of the Civil Code.

An action upon such contract, if brought after said Act, should be against the wife alone, although, if brought before the Act, it should have been against both husband and wife.

The creditor's claim against the husband for the debt of his wife, under the Code, was not a vested right, and might be taken away by statute.

A new trial is ordered on the ground that the decision of the trial court against husband and wife is contrary to the evidence, which shows a cause of action against the wife alone.

The plaintiff is given leave to amend by striking out the name of the husband, as defendant, in view of the circumstances of the case, and especially of the fact that the statute of limitations has become a bar to a new action since the commencement of this action.

OPINION OF THE COURT, BY FREAR, J.

This is an action of assumpsit against husband and wife for $200 and interest. The Circuit Court, First Circuit, jury waived (on defendant's appeal from the District Court) found as follows : " That Flora Jones, with the consent of her husband, borrowed $200 from the plaintiff as a loan to be returned, and that no payment had been made to the plaintiff, and the same is due to plaintiff with interest. * * * The money being borrowed by and loaned to the wife with consent of her husband, and not repaid, she is liable. I award judgment to the plaintiff." To this decision the defendants excepted,

on the ground that "said action cannot be maintained against said defendants jointly, and that no judgment for plaintiff can legally be entered herein, and that no cause of action was shown herein."

Of the many views of the facts of this case suggested by counsel only one need be considered. This is the only one supported by the evidence, and is that taken by the Circuit Court, namely, that of an original promise made by the wife alone with the consent of her husband during coverture before the passage of the Married Woman's Act of 1888, the action having been brought since the passage of that Act.

The questions raised by the first ground of exception are: (1), was such promise valid, and (2), if so, who should be parties defendant in an action upon it?

At common law the promise would have been void, because made during coverture. Our statutes, prior to 1888, provided among other things as follows: " The husband  *   *   * shall be accountable in his own property, for all the debts contracted by his wife anterior to and during marriage." Civil Code, Sec. 1286. " She shall not, without his consent, unless otherwise stipulated by anterior contract, have legal power to make contracts, or to alienate or dispose of property, except as hereinafter provided. She shall not be civilly responsible in any court of justice, without joining her husband in the suit." Ib. Sec. 1287. It is clear that the legislature, in curtailing the rights which the wife enjoyed by ancient Hawaiian custom, although following the common law pretty closely, meant to leave to her at least the power to contract with her husband's consent, and the liability to be sued with her husband upon such contract. Contracts thus made with his consent by her during marriage as well as contracts made by her before marriage, were placed by the statute on much the same footing as the latter class of contracts at common law, that is, the contract was valid, but in a suit upon it during coverture, both husband and wife had to be joined.

As to parties defendant,—there can be no question that the

wife should be a party under the Act of 1888, as before, for that Act greatly enlarges her liability ; and we are further of the opinion that her husband should not be joined with her. The reason given in *Kaluahine vs. Dole,* 3 Haw., 374, and by some courts elsewhere for the liability of the husband for his wife's ante nuptial debts (and by analogy under our statute, for her post nuptial debts which are placed in the same category) is that it is for the advantage of the creditors, since the husband upon his marriage takes the property of his wife, to which the creditors would otherwise look. This reason, if the true one, no longer exists, for by the Act of 1888 the property of the wife is now "free from the management, control, debts and obligations of her husband," (Sec. 1), and she is entitled to her earnings (Sec. 3). Another, and perhaps the more correct, historically speaking, though not a more reasonable view, is that the rule grew out of the mode of procedure and was made for the protection of the wife, rather than for the advantage of the creditors, the husband being a necessary party " for conformity." This reason also has ceased, for the Act now provides (Sec. 5) that " a married woman may sue and be sued in the same manner as if she were sole." In either case the reason of the rule being taken away, the rule itself should fall. See 2 Bish. Mar. Women, Secs. 266, 268, 312, 313, 322, 323, and cases there cited, also *Story vs. Downey,* 62 Vt. 243. The above provisions of the statute would on both reason and authority render the wife alone liable were it not for the former statute which made the husband " accountable in his own property for all the debts contracted by his wife." But this statute was repealed by the Act of 1888 (Sec. 12) and to make the matter doubly sure it was further provided (Sec. 8) that "a husband shall not * * * be liable to pay any judgment that may be recovered against his wife." It should perhaps be stated that the provisions above quoted from the Act of 1888, are subject to certain exceptions, which however are not applicable to this case. But it is argued that the accountability of the husband is in this case a vested right in the creditor,

since it originated prior to the Act of 1888, and that the legislature could not constitutionally divest it. It is true that a vested right could not be thus divested, and the Act itself (Sec. 13) expressly excepts from its operation "any rights of property which have already accrued under any law heretofore in existence." But the creditor's claim was not a vested right. The debt of the wife remained her debt and was not transferred by the statute to her husband. The statute merely made him accountable and this could be repealed at any time before judgment against him. The creditor's right of action against him upon his wife's debt is analogous to his right of action against her debtor upon her choses in action, which, it is well settled, is not a vested right. See 2 Bishop, Mar. Women, Secs. 45, 52; also *Niles vs. Hall*, 64 Vt. 453; *Baker's Executors vs. Kilgore*, 145 U. S. 487; and *Anima vs. Lau Kona* (page 369 *ante*). Counsel for the plaintiff argues that the case of *Fultz vs. Fox*, 9 B. Monr. 499, cited in Section 52 of 2 Bish. Mar. Women, requires the joinder of the husband, but that was because the statute merely removed his personal liability for his wife's debts, leaving him still liable to the extent of the property received by him from her, or rather leaving such property still liable, the judgment being rendered as to him to be levied only on such property. The court held that as to his liability out of his own property the statute had an immediate application, and the reasoning of the court in that case requires us to hold in the present case that the husband should not be joined under our statute which removes his liability entirely. See 2 Cord, Mar. Women, Sec. 1136, n. 1, and Secs. 1142–1145. The case of *Valentine vs. Bell*, (Vt.) 29 Atl. Rep., 251, also is referred to by counsel as holding that the husband was after the Married Women's Act still liable with his wife upon her ante nuptial debt, the marriage having taken place before the passage of the Act. The decision contains no reasoning on this point, but to judge from the reasoning of the same court in other cases, we infer that the

statute upon which the decision was based must in so far as it bears upon this case differ from ours.

The last ground of exception is that "no cause of action was shown herein." The first count of the complaint (which alone need be considered) is upon a joint promise and indebtedness of the husband and wife in consideration of the money loaned to the wife with the consent of the husband. For the reasons above stated this count would have been bad at common law, but under our statutes, it shows a good cause of action against husband and wife. A good cause of action was also shown by the evidence, as we have seen, against the wife. The error of the plaintiff is that he sued both husband and wife, when he should have sued the wife alone.

That the wife alone was liable is a position not taken by either counsel in the lower courts or at the hearing before us, but counsel were afterwards requested by the Court to argue it. Plaintiff's counsel considered both husband and wife liable, while defendant's counsel considered the husband alone, if any one, liable. The Circuit Court apparently regarded the wife as alone liable, but did not consider the question of the mis-joinder of the husband.

The decision excepted to should be reversed and a new trial ordered, but as the suit cannot be maintained against both defendants upon the evidence if the same as at the first trial, we think that the plaintiff should be allowed to amend by striking out the name of the husband. Our statute of amendments (Civil Code, Sec. 1145), is liberal in allowing "any petition or other pleading to be amended in any matter of mere form or by adding or striking out the name of any party," and unless such amendment is allowed the plaintiff may lose his rights, for no new action can be commenced because more than six years have now elapsed since the cause accrued. The case is much like that of *Sherman vs. Harrison*, 7 Haw., 664, where the court upon exceptions ordered a new trial with leave for the plaintiff, the wife, to substitute her husband or his personal representative in her place, such amendment being required by the facts of the

case, and the statute of limitations having become a bar since the commencement of the suit. That amendments should be more freely allowed in such cases, see also *Garcia vs. Mendonca*, 7 Haw., 194, and cases there cited; also *Sanger vs. Newton*, 134 Mass., 308.

We may add that the motion of plaintiff's counsel for a dismissal of the exceptions on the ground that the defendants had filed no bond conditioned against the disposition of their property should be overruled, since this is not the case of a motion for a new trial under Section 1156 of the Civil Code which requires such bond, but of exceptions under Section 75 of the Act to Re-organize the Judiciary Department, which does not require such bond.

A new trial is ordered, plaintiff to have thirty days in which to amend as above indicated, and to pay the costs of the exceptions and of the amendment, if made.

*J. A. Magoon*, for plaintiff.

*A. S. Hartwell*, for defendants.