## PIIPIILANI *v.* G. HOUGHTAILING.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 29, 1897.          DECIDED JULY 20, 1897.

FREAR AND WHITING, JJ., AND A. G. M. ROBERTSON, ESQ., OF
THE BAR, IN PLACE OF JUDD, C.J., ABSENT.

It is not competent for a defendant on cross-examination of the plain-
tiff to show that the latter has received payment of the sum sued
for, no notice of an intention to rely on that defense having been
given as required by Rule of Court.

### OPINION OF THE COURT BY FREAR, J.

This is an action for $1200 upon a promise of the defendant
to pay to the plaintiff $120 a year during the remainder of the
plaintiff's life from April 3, 1886, and for interest on said sum.
The Circuit Court, jury waived, found for the plaintiff in the
sum of $720, the sum of the instalments not barred by the
statute of limitations, with interest on each of these instalments
from the date it became due. The case comes here on three
exceptions.

The exception mainly relied on was taken to the refusal of
the trial court to allow defendant's counsel on cross-examination
of the plaintiff to show that the plaintiff had received certain
benefits from the defendant. The matters sought to be intro-
duced on the cross-examination did not relate to matters brought
out on the direct examination. It was not strictly a case of
cross-examination. The object was to establish the affirmative

defense of payment and the evidence was rejected because notice of àn intention to rely on that defense had not been given as required by Rule 4 of the Circuit Courts. This was not error. See *Sherman v. Harrison,* 7 Haw. 663, and 8 Enc. Pl. and Pr. 108. Moreover, the evidence, if allowed, would not have proved payment. The benefits sought to be proved had nothing to do with the claim sued on.

The other two exceptions were taken to the allowance of instalments for more than one year previous to judgment, and to the allowance of interest on each instalment. Having examined the pleadings, the evidence and the findings of the trial court, we fail to see any merit in these exceptions.

The exceptions are overruled.

*Magoon & Edings,* for plaintiff.

*C. Creighton,* for defendant.