## PAHIA (w) *v.* JOHN MAGUIL.

### EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JULY 5, 1898.          DECIDED OCTOBER 10, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A defense of illegality or the statute of limitations is not available to the defendant at the trial unless, in accordance with Rule 4 of the Circuit Courts, the defendant has, on filing his answer, given notice with the answer or at the foot thereof, his intention to rely upon such defenses.

OPINION OF THE COURT BY WHITING, J.

This is an action brought by the plaintiff, a woman, against defendant in assumpsit to recover certain moneys upon a claim

for services, work and labor performed, and also for money had and received.

The plaintiff went to live with defendant, as his mistress, at defendant's request and he agreed that she should receive a share of the profits arising from the dairy and stock business carried on by defendant and others. The plaintiff performed the usual domestic services that a wife is accustomed to perform for a husband and in addition thereto did render services other than domestic and did work and labor for the defendant. The defendant was in partnership with two others who eventually withdrew from the partnership, and, on their withdrawal, they left with defendant certain moneys for the use of the plaintiff in payment of their shares of the moneys due to plaintiff for work and labor in the dairy and stock business, not domestic. These moneys defendant received and retained.

Before the opening of the term the defendant had filed his answer which was a general denial. After the opening of the term and before the trial, defendant filed an amended answer not having obtained leave of court. At the trial the plaintiff moved the court to order the said amended answer to be stricken from the files, which motion was granted. The defendant then moved the court for leave to file the amended answer, which motion was denied. The defendant duly excepted to both rulings. The amended answer is as follows:

"The defendant answering denies generally and specifically every allegation in the plaintiff's complaint set forth. And the defendant further answering denies that on the day and year in the said complaint alleged, to wit, on the first of April, 1898, or at any time within six years prior thereto or prior to the commencement of this action, he was or now is indebted to defendant in the sum of one hundred dollars or for interest in the sum of eighty-four dollars for money lent or advanced, or in any other sum or sums of money whatsoever and denies that on the day and year aforesaid or at any time within six years prior thereto, or prior to the commencement of this action he undertook or

promised plaintiff to pay her said sum of money or promised or undertook to pay her any money whatsoever and defendant denies that at any time within six years prior to said date he was or now is or prior to the commencement of this action he was indebted to plaintiff in the sum of one hundred dollars for money had and received from Peter Joseph to and for the use of plaintiff, or ever at all, and denies that within six years prior to said date or prior to the commencement of this action or ever at all the defendant promised to or undertook to pay said sum to the plaintiff. And defendant denies that on said date in the complaint alleged or now is indebted to plaintiff in the sum of one hundred dollars for moneys received from Joaquin Lopez or otherwise or in any sum of money whatsoever and denies that on said day or any time within the six years prior thereto or prior to the commencement of this action the defendant undertook or promised to pay to plaintiff the said sum of money or any other sum of money whatsoever. Wherefore defendant prays that he be hence dismissed without day with his costs and disbursements in this behalf incurred, and the defendant hereby gives notice that he intends to rely upon the fact of the illegality of plaintiff's claim in his defense to plaintiff's demand. John Miguel by Paul Neumann and Geo. Hons, attorneys for defendant."

This amended answer is signed by counsel for defendant, but is not sworn to, nor is there any affidavit of merits accompanying the motion for its allowance. The defense set up therein includes the general issue, a plea substantially of the statute of limitations, and notice of intention to rely upon the illegality of plaintiff's claim. The defendant's answer of the general issue was filed within the time allowed by law for answering, to wit, within twenty days after service of summons. The amended answer was filed four days after the opening of the term, two days before the trial and forty-nine days after service of summons.

The court was right in striking out the amended answer from the files, for it had no standing as a part of the record unless

leave of court had been obtained. Rule 3 of the Circuit Court Rules provides: "Whenever amendments in the pleadings are allowed, the opposing party shall not thereby be entitled as of right to a continuance. All pleadings may be amended *before the return day* by filing the amended plea and furnishing the adverse party with a copy thereof." After the return day, the case being at issue, the pleadings can only be amended by leave of court. The motion for leave to file the amended answer was within the sound discretion of the court, and in this case we cannot say that such discretion has been abused, considering the time defendant had in which to make his answer, and also the want of an affidavit of merits to support the motion.

The main point relied on by the defendant is that the consideration for the services on which the claim is based was immoral and illegal. This is raised on the motion for a new trial and by an exception to the charge of the court to the jury, to wit: "The jury are instructed to disregard any defense of illegality, payment or release, as defendant has no right under the pleading to such defense."

The Circuit Court refused to entertain the question of immoral consideration or contracts based thereon, taking the view that such defenses must be specially pleaded under Rule 4, Circuit Court Rules, which reads:

"In personal actions, the Statute of Limitations shall be specially pleaded; and no defendant shall be allowed to set up by way of defense to the plaintiff's claim, any illegality, fraud, release, payment, infancy, coverture, or discharge under any statute relating to bankruptcy or insolvency, unless he shall, on filing his answer, give notice with his answer or at the foot thereof of his intention to rely upon all or any of such defenses."

The defendant also relied on the Statute of Limitations. The defendant not having pleaded these defenses and the amended answer not being allowed, he could not avail himself of the defense of the Statute of Limitations or illegality in the consideration or contract. *Piipiilani v. Houghtailing*, 11 Haw. 100; *Sherman v. Harrison*, 7 Haw. 663.

At the close of plaintiff's case, the defendant moved the court to instruct the jury to render a verdict for defendant. The defendant was not entitled to this request as the evidence shows that defendant had moneys in his hands which he received to the use of the plaintiff and which the defendant was liable to pay plaintiff, and it was a case for the jury on the facts.

The defense of immoral consideration would have been good if the defendant had placed himself in a position by his answer to avail himself of it. The case of *Kalua v. Selig*, Adm'r., 5 Haw. 656, supports defendant's contention that where the consideration of the contract is immoral, that is, as in this case, the agreement to live with one as his mistress, the woman cannot recover wages either under the contract or under a claim for work and labor performed. In the *Kalua v. Selig* case, the court charged the jury that "a contract will not be avoided because it may by any probability facilitate an illegal transaction. To render it void, the connection with the illegal transaction must be direct, and not remote or conjectural, but the other services cannot cover up the fornication, if the substantial agreement was to live with him as a mistress." As we have said this defense would be good if defendant could avail himself of it. The circuit court might have of its own motion ruled in accordance with the Selig case and directed the jury to find against the plaintiff on the claim for services rendered, and in such case, the plaintiff could not have complained as the court, as a rule on the ground of public policy, declines to acknowledge a claim based on immorality, but the circuit court in its discretion did not take such a view of this case, and the defendant not having the right to maintain this defense, we cannot set aside the verdict as found by the jury.

In the course of the trial, the counsel for defendant propounded to plaintiff on cross-examination the following questions:

"Did you live with the defendant as his wife?"

"During the time you have performed these services were you his wife?"

"You stated just now that he came for you and you lived together with him as his *wahine,* I want you to explain what you mean by that?"

The court, on objection of plaintiff, refused to allow these questions and defendant excepted.

These exceptions must be overruled as we have already decided that the defense of illegality was not open to the defendant; in that view it was not proper cross-examination or material; and even if admissible, an examination of the evidence shows that thereafter these questions were fully answered.

The exceptions are overruled.

*L. A. Dickey* for plaintiff.

*P. Neumann* for defendant.