# T. M. HARRISON *v.* J. A. MAGOON, F. B. McSTOCKER, L. C. ABLES, DOROTHEA EMERSON, T. E. COWART, J. H. KIRKPATRICK, A. E. POWTER, J. WOLFENDEN AND G. D. MOORE.

### PETITION FOR REHEARING.

ARGUED FEBRUARY 20, 1905.        DECIDED MARCH 6, 1905.

FREAR, C.J., HARTWELL, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF WILDER, J.

REHEARING—*denied, the petition therefor being based on misapprehension of former decision.*

> A rehearing is denied where the court based its former decision on the ground that the contract sued on was incomplete, and not, as contended, on the ground that it was not several as well as joint, or that, if it was only joint, a recovery could not be had against such of the parties thereto as had undertaken without due authority to bind all.

AMENDMENT—*by appellate court, no error being found in judgment below.*

> Although the statute permits amendments to be made after judgment and on appeal, and amendments should be allowed more freely when, as in this case, a new action would be barred by the statute of limitations, this court should not allow the plaintiff an

amendment which would be ineffective without a new trial and then arbitrarily reverse the judgment below and grant a new trial in order to make the amendment effective, when no error is found in the judgment below.

## OPINION OF THE COURT BY FREAR, C.J.

This is a petition for a rehearing of the case reported ante, p. 332. It is based upon two grounds. The first is that at the original hearing the plaintiff, who is the petitioner, relied upon the ruling made in this case in 13 Haw. 360, that the contract sued on was joint and several, and argued that if the contract was joint and not joint and several, and some of those purporting to join in the contract were not liable, a recovery could be had against such of them as had undertaken without due authority to bind all jointly, whereas the court, as it is contended, reconsidered the former ruling and held that the contract was joint, and not joint and several, and overlooked the argument that even though it was joint a recovery could be had against some of the parties thereto if not against all. This ground is based upon a misapprehension of the view that the court took in its recent decision and which is set forth, clearly as it seems to us, on pages 338 and 339, ante. That decision was based on the ground that the contract sued upon was incomplete, whether it was joint and several or only joint in form. Among other things the court said, on page 339: "An agreement purporting to be made between several parties that they jointly and severally agree upon being partners with each other is not binding upon any of them unless all execute or subsequently ratify the agreement." It was also pointed out in that decision that the court, as it was constituted when the ruling was made that the contract was joint and several, considered it still an open question whether the contract was complete or not. With reference to this the court in its recent decision (page 338), referring to the earlier decision, used this language:

"In denying the plaintiff's motion for a rehearing of the decision sustaining the demurrer the court said: 'Whether or

not, if it shall appear hereafter that some of the persons named as defendants neither executed nor subsequently ratified the execution of the agreement, the others can still be held jointly liable, . . . are questions which have not yet arisen and upon which no opinion is expressed.' 14 Ib. 532. The court evidently had in mind the question whether the agreement would be complete unless all signed or ratified."

The second ground relied upon for a rehearing is that, even if the first ground should not be sustained, a rehearing should be had for the purpose of allowing the plaintiff to amend his complaint and then have a new trial. The amendment proposed is one by which the case would be changed from an action against all the present defendants upon the special contract, or for a breach of that contract, based on the failure of the company to give the plaintiff, upon his dissatisfaction with the condition of the partnership business in Tasmania, stock of the value of £2,000 in some other district of the company's field of operation, in exchange for his interst in the company represented by £2,000 recited to have been paid in by him, to an action against the defendant Ables alone for the value of about 6,000 head of sheep and an interst in certain land, which in fact, instead of the £2,000 recited, was turned over by the plaintiff to the said Ables as the plaintiff's contribution to the partnership.

It is urged that this amendment may be allowed now by this court under the broad provision of the statute relating to amendments (Revised Laws, Sec. 1738) and under the view expressed in *Dowsett v. Jones,* 9 Haw. 543, and the cases there cited, to the effect that an amendment should be more freely allowed when, as in the present case, a new action would be barred by the statute of limitations.

We regret that we cannot take this view. It is true that the statute is broad and that it expressly permits amendments of certain kinds after as well as before judgment, but this does not mean that in addition to allowing an amendment the court may, at it would have to do in this case in order to make the amendment effective, reverse the judgment of nonsuit below

and order a new trial when no error is found in the judgment below. If that judgment had been reversed and a new trial ordered, the court might also grant leave to amend before the new trial should be had. Likewise if the amendment were merely to conform the complaint to the proof, or otherwise was designed to support the judgment below, it might be allowed here, and of course, in such case, it would be effective without reversing the judgment below or ordering a new trial. The difficulty is that no error has been found in the judgment below, and in the absence of error that judgment cannot be reversed merely for the purpose of allowing an amendment and making it effective. This is the view generally taken elsewhere. For instance, in *Sutter v. San Francisco,* 26 Cal. 112, in which a similar proposition was made, the court said:

"The appeal is from the judgment, and we find no error to vitiate it. We hold that the court committed no error, so far as the record shows its action, and that the judgment is in all respects legal. We cannot, therefore, reverse it, for we find no error to justify such action, and plaintiff cannot now amend, because there is a valid final judgment; and there is nothing more to be done, without first reversing this judgment. It would be an anomaly in legal proceedings to hold the judgment in all respects correct, and then arbitrarily reverse it."

To the same effect, see *People v .Jackson,* 24 Cal. 630; *Gibbons v. Scott,* 15 Cal. 285; *Colorado Springs Co. v. Hopkins,* 5 Colo. 338; *Denison v. Tyson,* 17 Vt. 549.

Most of the cases cited contra by the plaintiff are not in point. The case of *Balcom v. Woodruff,* 7 Barb. 13, however, is somewhat in point, for in that case the statute was almost identical with ours and the statute of limitations would have barred a new action, although other circumstances in the case were somewhat different from those in this case. The court there allowed an amendment *nunc pro tunc,* and then, without finding error in the judgment of nonsuit below ,set aside that judgment and ordered a new trial in order to make the amendment of avail to the plaintiff. In support of this course the court cited an

earlier case in the same jurisdiction (*Holmes v. Seely,* 17 Wend. 75), but said:

"This relief, however, is granted under the peculiar circumstances of this case, and the case is not to be made a precedent. The general rule is that a party who has not applied for an amendment until he has been nonsuited, is too late to ask for a new trial, in addition to an amendment."

In that case, it may be added, the plaintiff had moved in the lower court for leave to amend and for a new trial, as well as to set aside the judgment of nonsuit.

A rehearing is denied.

The plaintiff in person; *Robertson & Wilder* also for the plaintiff.

*J. A. Magoon; J. Lightfoot; Kinney, McClanahan & Cooper,* and *S. H. Derby* for defendants.