# K. B. PORTER *v.* KAPIOLANI ESTATE, LTD.

## Error to Circuit Court, First Circuit.

Argued March 27, 1907.       Decided April 4. 1907.

### Frear, C.J., Hartwell and Wilder, JJ.

Amendment of answer—*refusal to allow, held not abuse of discretion.*

In an action on two notes, the defendant filed an answer of general denial to the count on one note and no answer to the count on the other and after the trial had begun nearly a year later offered an amended answer of general denial to each count with notice of intention to rely on the defense that the notes were for accommodation and that it as a corporation was without power to issue such notes. Held, not an abuse of discretion to refuse to allow the amendment.

Defense of illegality—*accommodation paper of corporation.*

The defense that commercial paper issued by a corporation was for accommodation is not a defense of "illegality" within the meaning of a rule requiring notice of the latter defense.

Amendment of complaint—*error, if any, in allowing, held waived—suit by assignee, not indorsee, of note.*

One of two partners who were payees of a note having assigned his interest to the other after action on the note had been begun by both, an allowance of an amendment making the assignee sole plaintiff, if erroneous on the ground that an assignee as distinguished from an indorsee of a negotiable instrument may not sue in his own name, cannot be taken advantage of on writ of error by the defendant when the latter made no objection to the amendment at the time and expressly stated that he did not raise the question as to the assignment.

Mistake in name of payee—*action by payee intended.*

The payee intended but incorrectly named in a note may maintain an action upon it.

CONSIDERATION—*presumption of, in case of commercial paper.*
    A consideration is presumed in the case of commercial paper
    whether it contains the words "for value received" or not.
CORPORATION PAPER—*when presumed to be authorized.*
    Commercial paper signed in the name of a corporation by its
    vice-president and treasurer and bearing its seal is presumed
    to have been issued by authority of the corporation.

OPINION OF THE COURT BY FREAR, C.J.

This is an action on two promissory notes. The circuit court, jury waived, found for the plaintiff and rendered judgment for the full amount of both notes with interest and costs amounting in all to $539.87. The defendant brings this writ of error to set aside that judgment.

The three assignments of error that are relied on chiefly will be considered in their order.

1. That the trial court erred in not permitting the defendant to file an amended answer. The action was begun more than six months after the dishonor of the first note but within six months after the dishonor of the second note, and so an affidavit of meritorious defense to the second count, which was the one upon the second note, was required by R. L., Sec. 1727. Apparently this could not be made and so the defendant filed merely an answer of general denial to the first count alone, which was the one on the first note. The proposed amended answer contained a general denial of each count and a notice of intention to rely upon the defense that the defendant was a corporation, that it had no power to make accommodation notes and that the notes in question were of that character. See *Thompson v. Whitney & Marsh,* 17 Haw. 107. The request for leave to file the amended answer was not made until after the trial had begun and nearly a year after the action was begun and no excuse was offered for failure to make the request at an earlier date, although presumably the fact that the notes were for accommodation, if that were the fact, was known at the outset. Under these circumstances it was not an

abuse of discretion to refuse the request. See *Pahia v. Maguil,* 11 Haw. 530. This is clearly so as to the second count, to which no answer at all had previously been made. There is an additional reason why the refusal should not now be set aside as to the first count; for the only object of the amended answer was to enable the defendant to avail itself of the defense of illegality and that could have been made to the first count under the answer already on file, under R. L., Sec. 1736, which permits a defendant to give in evidence under the general issue any matter of law or fact whatever; and even if Rule 4 (9 Haw. 716) of the circuit courts, which was adopted before annexation and the establishment of territorial government and which required notice of a defense of illegality to be given, is still in force, the defense set up in the amended answer could have been given under the answer already filed, for that was not a defense of "illegality" within the meaning of that rule.

2.   That the trial court erred in permitting the plaintiffs to file an amendment of their complaint making K. B. Porter sole plaintiff in place of A. B. Porter and K. B. Porter, partners under the name of Porter Furniture Co., who were the original plaintiffs. The amendment was offered for the purpose of conforming the complaint to the proof in consequence of a statement brought out by defendant's counsel on cross examination of plaintiff K. B. Porter as a witness to the effect that since the commencement of the action plaintiff had bought out his partner including his interest in the notes in question. The transfer of the partner's interest was by assignment and not by endorsement upon the notes. It may be that notwithstanding such assignment the action should have proceeded in the names of the partners, the original payees; in other words, that a transferee by assignment as distinguished from endorsement of a negotiable instrument, cannot maintain an action in his own name even when, as in this instance, he was one of the original payees and the assignment was made to him by the other payee who was his partner (see *Estabrook v. Smith,* 6

Gray 570). Still, the error, if it was error, cannot now be taken advantage of by the defendant, for not only did it not object to the allowance of the amendment but it expressly stated at the trial that it did "not raise the question as to the assignment from A. B. to K. B. Porter." It may be added that the fact of assignment is not questioned and if the amendment had not been allowed the defendant would have been no better off than it is now. It does not seem to have been prejudiced by the allowance of the amendment.

3. That the trial court erred in receiving the notes in evidence. Three principal objections are urged against the admission of the notes. The first is that the original plaintiffs were not the payees named in the notes. The notes were made payable to the Porter Furniture Company, Limited. There is no partnership or corporation of that name. The partnership was known as the Porter Furniture Company. They were delivered by the defendant through its officers to one of the partners of the Porter Furniture Co. for the partnership. It is well settled that the person or persons for whom a note is intended may sue upon it notwithstanding a mistake in the name or names as well as when the name is merely fictitious and intended as such. For instance, an action upon a note payable to "Kauka," meaning "doctor," may be maintained by Dr. G. A. Lathrop upon proof that he was the payee intended. *Lathrop v. Kamakakehau,* 1 Haw. 160. See also *Bonner v. Gordon,* 63 Ill. 443; *Taylor v. Strickland,* 37 Ala. 642; *Rhyan v. Dunnigan,* 76 Ind. 178. The next objection is that there was no endorsement to K. B. Porter, but, as already shown, no objection was made to the allowance of the amendment to the complaint and defendant's counsel expressly stated that he raised no question as to the assignment. The objection of want of an endorsement was not made in the trial court to the admission of the notes in evidence. The third objection is that the notes were without consideration and that therefore the corporation was without authority to give them and also that the corporation did not authorize their execution and delivery. The objection of want

of consideration does not seem to have been specifically mentioned in the trial court. The notes were expressed to be "for value received," and that was prima facie evidence of consideration. *Macfarlane v. Lowell,* 9 Haw. 438. Indeed, even in the absence of such words the presumption is that commercial paper is given for a consideration. *Kauka v. Kamakakehau, supra.* The burden was on the defendant to prove want of consideration—which it did not do. As to authority for the execution and delivery of the notes, the corporation, as shown by its articles of association, had implied authority to give notes for various purposes. These notes were signed by its vice-president and treasurer and bore the seal of the corporation. The presumption is that they were executed and delivered with due authority and it was incumbent upon the defendant to show the contrary if such were the fact.

The judgment of the circuit court is affirmed.

*C. F. Clemons (Thompson & Clemons* on the brief) for plaintiff.

*C. W. Ashford* for defendant.