JOHN KARNES

*v.*

MAHLON B. LLOYD *et al.*

1. EXECUTION—*confession of judgment for the purpose of enabling a creditor to redeem—not fraudulent as against purchaser.* The fact that a judgment debtor confesses judgment in favor of a creditor for the *express*

*purpose* of enabling such creditor to redeem from a sale under a prior judgment, in no wise invalidates it, there being no fraud as to the consideration for the judgment. Such confession is not fraudulent as against the purchaser.

2. SAME—*redemptions—law encourages.* It is the policy of the law to encourage redemptions, in order that the property of the debtor may discharge as many of his liabilities as possible.

3. A creditor by note and mortgage may obtain judgment on the note, and subject other property of his debtor to its payment.

4. SAME—*redemption—amount paid for—less than sum due.* The objection, that the amount of money paid to the sheriff for the purpose of redemption was less than the actual sum due, comes too late when made after the amount so paid has been accepted from the officer. A party, to avail himself of such objection, must urge it at the time the deficient sum is tendered him.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. SHAW & CRAWFORD, for the appellant.

Mr. O. E. PAGE, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The rights of the parties to this record were discussed and settled in the case of *Lloyd* v. *Karnes,* 45 Ill. 62, and are not now open to further contest.

On a petition for a rehearing, the opinion was so modified, on the suggestion of fraud in the rendition of the judgment under which the redemption was effected, the cause was remanded to the circuit court, with leave to appellant here to make such motion as he might deem advisable, on which the circuit court might make the proper order.

Accordingly, on the remand, at the term next ensuing, it being the October term, 1868, the appellant entered his motion

for leave to file an amended and supplemental bill, which motion was granted at the March term, 1869, following.

In the amended and supplemental bill, fraud was alleged in the confession of the judgment by Davenport, under which the redemption had been made by appellee, and questioning, also, the consideration of the judgment and irregularity in issuing and levying the execution, it appearing to have issued before the court had adjourned the term at which the judgment was rendered.

To this amended bill, Davenport and Lloyd were made defendants. Davenport answered, alleging the execution was issued on the affidavit of counsel, made for that purpose before the court adjourned; he denied all fraud in confessing the judgment, affirming it was confessed in good faith, and that it was upon a good and valid consideration, setting out in what it consisted.

Lloyd's answer embraced in it all the matters with which he was connected in the original bill, and to which he had filed a cross-bill, alleging that appellant was in possession of the premises, holding them against his rights, and prayed possession thereof. He also amended the cross-bill with a view to restrain the tenants in possession under the appellant from paying rent to him, and made them parties to the suit. In this amended cross-bill, there appears no charge against appellant which was not in the record when before us on Lloyd's appeal. No relief was sought against appellant in that amended cross-bill, nor was any answer demanded from him, the only object appearing to be to get the tenants in possession before the court, so that their rights might be adjudicated.

The tenants made an appearance by answers filed, in which they disclaimed any interest, except as tenants of appellant.

Appellant, also, without being called upon to do so, put in an answer to the cross-bill, reiterating the statements in his own amended and supplemental bill, and setting up as a defense, that the redemption money paid by appellee was less

116 KARNES *v.* LLOYD *et al.* [Sept. T.,

Opinion of the Court.

than the amount, by a few cents, that was due and should have been paid.

Leave was given appellant to examine as witnesses the defendants Lloyd and Davenport, and also Elizabeth, his wife. The two first named were fully examined—the latter was not—and upon the hearing, the court held, there was no fraud in confessing the judgment by Davenport, on which the redemption was made, and entered a decree dismissing the bill, and awarding possession to Lloyd on his cross-bill.

To reverse this decree, the record is brought here by appeal, assigning as errors, in rendering a decree for the defendant in the original and amended bills, in finding the redemption of Lloyd to have been made in good faith, and in finding the same regular and valid.

Appellant insists that the redemption was void, because contrived for dishonest purposes.

The fact is very apparent, that Davenport, the judgment debtor, was largely indebted to Lloyd, on honest transactions, at the time he confessed the judgment in his favor, and enabled Lloyd to redeem the land claimed by appellant as holder of a certificate of purchase of the same land on a prior judgment. All the questions arising upon this branch of the case were fully discussed and decided in the former opinion, and we will consume no time about them. It is sufficient to say, Lloyd was lawfully in a position entitling him to redeem, if there was no fraud on his part, colluding with Davenport, to confess a judgment, no debt being in fact due. The record furnishes no proof of fraud, so far as the consideration for the judgment is concerned, and the fact that the judgment was confessed for the avowed purpose of enabling Lloyd to redeem from appellant's purchase, in no wise invalidates it, as this court has said in *Phillips* v. *Demoss et al.* 14 Ill. 412. It is the policy of the law to encourage redemptions, in order that the property of the debtor may discharge as many of his liabilities as possible.

Although Lloyd had security by mortgage for a portion of his claim on Davenport, that did not prevent him from obtaining a judgment on the note, and subjecting other property of his debtor to its payment. *Vansant* v. *Allmon*, 23 ib. 33. As this security held by Lloyd was on the property of Mrs. Davenport, and placed upon it by the husband, it was his duty, if he could do so, to relieve it by incumbering his own, or by requiring his own property to pay a debt he owed, and had secured upon the property of his wife. We see no injustice or wrong in this. It was equitable and right.

As we have said, the rights of appellant were disposed of in the opinion delivered when the case was under consideration at a previous term. The only question to be raised in the circuit court, on remanding the cause, was that of fraud in the confession of the judgment. As we are unable to perceive any indications of fraud, but only a desire to protect Lloyd and pay his debt, we are bound to uphold the transaction as fair and honest.

An objection is made, that the execution issued before the term of the court had ended at which the judgment was confessed. It is stated in the answers of Lloyd and Davenport, that the *fi. fa.* was issued on an affidavit of plaintiff, but no affidavit appears in the record.

The question arises, who is the party to take advantage of this on the ground of irregularity? Usually the debtor, it being presumed he desires to put off the evil day as long as possible. In this case, he makes no objection to the irregularity. We have no statute upon the subject, but only that a judgment shall be a lien from and after the last day of the term at which it was rendered. But it is not held to be necessary a judgment should be a lien, to entitle the owner of it to redeem. *Sweezy* v. *Chandler*, 11 Ill. 445. Any judgment debtor may redeem. Ch. 57 R. S. sec. 14.

It is further insisted by appellant, the redemption was not legal, inasmuch as the amount paid the sheriff for such purpose lacked four cents of the full amount due.

We agree with appellant, that great strictness is required in the exercise of all these statutory privileges. Had he known the objection in time, when the redemption money was tendered him by the officer, it might have availed, but he chose rather to accept the amount, and it is now too late to urge a deficiency. But the appellant has nowhere in the original bill, or in the amendment filed on remanding the cause, alleged this as invalidating the redemption, nor does it legitimately come within the scope of the ground on which the remand was made. That was done to eviscerate the alleged fraud, and for no other purpose.

On a careful examination of the record, no error is discovered. The debt for which the judgment was confessed by Davenport was due Lloyd, and he but exercised a right given him by statute to redeem the land. The judgment must be affirmed.

*Judgment affirmed.*