# JAMES W. MARTIN

*v.*

# S. CORNING JUDD.

1. REDEMPTION BY CREDITOR—*regularity of his judgment.* A debtor who has failed to redeem within twelve months may confess judgment in favor of another creditor upon a *bona fide* debt, for the purpose of enabling him to redeem, but the indebtedness must be clearly shown and the proceeding free from suspicion.

2. JURISDICTION—*attorney.* A court acquires jurisdiction of a party beyond reach of its process, on entry of appearance by attorney.

3. APPEARANCE—*when sufficient.* The authority of an attorney appearing in open court, will be presumed to be regular until the contrary is shown. But in vacation, authority to confess judgment must affirmatively appear; no presumption will be indulged as to his authority.

4. RATIFICATION. Ratification of act done is equivalent to precedent authority, and relates back to the date of the execution of the power.

5. SETTING ASIDE JUDGMENTS, VOID AND VOIDABLE—*at whose instance.* Collateral, as well as direct parties, may impeach a void judgment, as when confessed through fraud and collusion without indebtedness. But if only voidable, the rule seems to be different, and only the party himself can impeach it.

6. RIGHT TO REDEEM—*when lost.* A judgment creditor purchasing the land within the twelve months, takes his grantor's right of redemption, but loses his right to redeem as a creditor.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Messrs. McCULLOCH & WINTERS, for the plaintiff in error.

Messrs. GOUDY & CHANDLER, and Mr. S. CORNING JUDD, in person, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to set aside a redemption of the lands in controversy, and for an injunction to restrain the plaintiff in error from taking a deed under the sale subsequently made.

The land had previously been sold as the property of Andrew Hoagland, on an execution issued out of this court, on a judgment for costs, in the case of *Mansfield* v. *Hoagland et al.*, and at such sale the defendant in error became the purchaser.

The right to the relief claimed, is based on the ground that the judgment upon which the redemption was made was fraudulently obtained by the plaintiff in error, by collusion with other parties, in a court having no jurisdiction of the person of Andrew Hoagland by any service of process, and whose appearance was only entered by an unauthorized attorney, and in a case where there was, in fact, no indebtedness due from the judgment debtor to the redeeming creditor, the plaintiff in error, and therefore the judgment was absolutely void and the redemption a nullity, and because the deed, if the plaintiff in error should be permitted to obtain one under the sale

thereafter made, would be a cloud on the title of the defendant in error when it should be perfected under the original sale.

The defense set up to the case made by the bill, is :

*First*—That there was a *bona fide* indebtedness due from Andrew Hoagland, the judgment debtor, to the plaintiff in error, at the time the judgment was confessed.

*Second*—That McCulloch, the attorney who entered the appearance of the judgment debtor in the circuit court of Peoria county, was fully and legally authorized to do so by Joseph C. Hoagland, the attorney in fact of Andrew Hoagland, and the power under which the attorney in fact acted was broad enough to include the employment of the attorney for that purpose.

*Third*—That the act of McCulloch in confessing the judgment on his behalf, was subsequently ratified and confirmed in all things by Andrew Hoagland, by an instrument under seal, and hence, that the judgment was valid and the redemption legal.

The land in controversy had been, for a number of years, and was still, the subject of litigation in chancery and at common law, between Mansfield and Hoagland and others, in the various courts, at the time the defendant in error purchased it at the sheriff's sale, on the execution issued out of this court. During the period that these proceedings were being had, and ever since, Andrew Hoagland resided in the State of Ohio, but the business in relation to the land had been conducted in his behalf by Joseph C. Hoagland, his attorney in fact, who was a resident of this State. McCulloch, who is charged with complicity in obtaining the alleged fraudulent judgment, was the principal attorney of Andrew Hoagland in the protracted controversy in regard to this property. He was employed by Joseph C. Hoagland on behalf of his brother Andrew, and it was through him that his fees and other expenses attending the litigation were paid. The funds with which these expenses were paid, were procured from the plaintiff in error on the

credit of Andrew Hoagland. Of this, there can be no doubt; the evidence is all to that effect. The indebtedness thus cre-ated was still subsisting at the time the judgment was con-fessed—certainly to the amount of that judgment.

It appears that the land had been sold, and the twelve months allowed by statute for redemption had expired before the fact of the sale had become known to any of the parties acting on behalf of Andrew Hoagland, the land being situated in a different county from the one in which they resided. The fifteen months allowed in which a creditor might redeem, was also about to expire. Knowing of the indebtedness of Andrew Hoagland to the plaintiff in error, McCulloch advised that a judgment should at once be confessed so as to enable him to redeem the land, which was accordingly done. There was no time to consult with Andrew Hoagland, nor was it deemed necessary, for the reason it was believed that Joseph C. Hoag-land was fully authorized and empowered to act in his stead. The debt was honestly due to the plaintiff in error, and the purpose in view was lawful. Had Andrew Hoagland, him-self, been present, no one would doubt his right to appear in open court and confess a judgment expressly to enable the judgment creditor to redeem the land, if there was a *bona fide* indebtedness existing and due to such creditor. This would be his clear legal right, so that he could make the property pay as much of his indebtedness as possible. *Phillips* v. *Demoss*, 14 Ill. 410; *Karnes* v. *Lloyd*, 52 Ill. 113.

It would be alike lawful for the attorney to do the same thing in the name of the principal, if his authority in the premises was sufficient for that purpose.

There being a *bona fide* debt, in this instance, due to the plaintiff in error, and the object to be attained a statutory right, the transaction is relieved from any fraudulent inten-tion. There was no purpose to wrong or defraud the defend-ant in error. The interest that he then had in the premises was the alternative right to have returned to him the amount of his bid at the sale, with the statutory rate of interest, in

6—60TH ILL.

case this redemption was regularly effected under the provisions of this statute; or, in case the land should not be so redeemed, he would be entitled to a deed in pursuance of his certificate of purchase.

In *Phillips* v. *Demoss*, it was said that "the statute holds out no inducements for a speculation at a sheriff's sale, beyond ten per cent for the use of the purchase money, and the purchaser can set up no equitable claim beyond that where the redemption is made according to the provisions of the statute."

There being no taint of fraud, in fact, in the transaction, the real question, and perhaps the only one that can arise that materially affects the merits of the case, is, whether the court had jurisdiction to render the judgment under which the redemption was effected.

The plaintiff in error employed James M. Rice, an attorney, to procure a judgment against Andrew Hoagland, and for this purpose the attorney filed, in the circuit court of Peoria county, a declaration in assumpsit. The declaration was filed in term time, and it does not appear that any process was ever issued in the cause. At the same term of court McCulloch appeared in open court and filed a cognovit, waiving service of process and confessing a judgment in the sum of $500 in favor of the plaintiff, and against the said Andrew Hoagland. The authority of McCulloch to appear for Andrew Hoagland, as his attorney, was derived solely from Joseph C. Hoagland, the attorney in fact, who had, from the beginning, and still had, the entire charge of his brother's business in relation to these lands, and the litigation in regard thereto. It was through him, and by him, that McCulloch was originally employed, and he was especially authorized to appear for Andrew Hoagland in the suit of the plaintiff in error against him. It was in pursuance of that employment that he appeared and confessed the judgment. It was under an execution issued on this judgment that the redemption was effected.

·The evidence shows that McCulloch was an attorney at law practicing in that court, and his authority to appear as an attorney for the defendant in that suit, does not seem to have been doubted. It is a matter within the observation of every one at all familiar with the practice in the circuit courts, and in this court, that it is the constant practice, where there has been no service of process, for the attorney to enter the appearance of the defendant. His right to do so has never been questioned, and his authority in the premises will be presumed until the contrary is made to appear. *Ransom* v. *Jones,* 1 Scam. 291.

In this regard there is a broad distinction taken in the adjudged cases where the proceedings are had in open court, and where the judgment is confessed in vacation. In the latter case, the authority of the attorney must affirmatively appear. No presumptions will be indulged as to his authority. *Roundy* v. *Hunt,* 24 Ill. 598; *Rising* v. *Brainard,* 36 Ill. 79.

Had McCulloch, the attorney in this case, been authorized even verbally by the defendant, Hoagland, to appear in open court for him and consent that judgment should be rendered against him, it is not doubted that the appearance of the attorney would have conferred jurisdiction upon the court. He was, however, employed by the agent and attorney in fact of the defendant, with a view to enter the appearance of the defendant in a case then pending in court. In pursuance of his general employment, the attorney did appear in open court and entered the appearance of Andrew Hoagland in a cause then pending, which was sufficient, *prima facie,* at least, to confer jurisdiction on the court. He has not since objected that his attorney in fact transcended the power conferred on him in the employment of counsel. He has not heretofore, and does not now, complain that the attorney who appeared on his behalf did so without authority from him, but on the contrary, by an instrument under seal, has solemnly ratified and confirmed all that his attorney did in the premises; and

the reasonable rule is, to regard such ratification as equivalent to precedent authority, and as relating back to the date of the execution of the power. *Karnes* v. *Lloyd*, 52 Ill. 113; *Hauer's appeal case*, 5 W. & S. 473; *Ransom* v. *Jones*, 1 Scam. 291.

It may be doubted whether the defendant in error stands in a position to question the right of McCulloch to appear in open court as the attorney of Andrew Hoagland and confess a judgment in his name, whether he had any rightful authority or not. While the question is not free from difficulty, we are inclined to hold that the view that he does not occupy such a position, is better sustained on principle and authority. Upon the same principle, a party might dispute the right of an attorney to appear in that court and plead in the name of the defendant. We do not understand upon what principle a third party may interpose any such objection. It is a matter between the attorney and the client, in which a mere stranger may not intermeddle.

The bill proceeds on the theory that, where there has been no service of process on the defendant, and the appearance of the attorney is unauthorized, the judgment is absolutely void. But, in case the attorney, who enters the appearance of the defendant, is unauthorized, is the judgment void or only voidable? If such a judgment is void, it is not doubted that any one, injuriously affected by it, may equitably have it set aside in any proceeding, collateral or otherwise; but, if it is only voidable, the rule seems to be different, and only the party himself can impeach it. It is a plain principle of law, that where an act is only voidable, the party himself, if laboring under no disability, may ratify it, and it will be as binding as though it had been originally legal. No reason is perceived why a party may not, upon this same principle, ratify a judgment that, under certain circumstances, might be voidable. It is essential, to make the judgment even *prima facie* valid, that there should be a *bona fide* indebtedness existing between the parties, to give the court jurisdiction. If a judgment should

be collusively confessed in a case where no indebtedness whatever existed, it would be fraudulent, and any party whose interest might be affected, could properly attack it. *Phillips* v. *Demoss,* 14 Ill. 410; *Ransom* v. *Jones, supra; Denton* v. *Noyes,* 6 Johns. 296; *Hauer's Appeal,* 5 W. & S. 473; *Lewis* v. *Smith,* 2 Serg. & R. 142; *Fumerman* v. *Leonard,* 7 Allen, 54; *Field* v. *Gibbs,* 3 Peters' C. C. R. 155; *Tichout* v. *Cilley,* 3 Ver. 415; *St. Albans* v. *Bush,* 4 Ver. 58; *Pillsbury* v. *Dugan,* 9 Ohio, 117; *Brown* v. *Nichols,* 42 N. Y. 26; *Holbert* v. *Montgomery, Ex'rs,* 5 Dana, 11.

The only remaining point that we deem material to be considered, is that made by the amendment to the bill, which charges that the plaintiff in error was the grantee of Andrew Hoagland at the date of the redemption. If he was, in fact, the grantee, and the owner of the equity of redemption, it seems quite clear that he could only redeem the land from the former sale within the twelve months fixed by the statute. But we do not think that the charge is sustained by the evidence. The deed itself bears a subsequent date, and it is certainly better evidence than that produced from the failing and uncertain recollection of the witness, Andrew Hoagland. No other deed is produced, and it does not sufficiently appear that any other, in fact, ever existed.

In the view that we have taken, the bill presents no equitable grounds for relief, and the decree, for that reason, is reversed, the injunction dissolved, and the bill dismissed.

*Decree reversed.*

Justices BREESE, THORNTON and SHELDON, dissent.