CHARLES P. KELLOGG ET AL.

v.

OSBORN R. KEITH ET AL.

1. POWER OF ATTORNEY—CONFESSION OF JUDGMENT IN VACATION.— A warrant of attorney authorizing confession of judgment on a note thereto attached, may be executed in vacation, and a valid judgment rendered, although the warrant itself does not in express terms authorize a confession of judgment in vacation. The statute relating to such powers of attorney, provides that judgment may be confessed in term time or in vacation, and judgments entered in vacation have the same force and effect as if rendered in term.

2. STATUTE CONSTRUED—MEANING OF "IN TERM."—The words "in term," as used in the statute, section 66 of the Practice Act, mean that the judgments confessed in vacation shall have the same force and effect as those entered in the term time of the court.

3. ATTORNEY'S FEES INCLUDED.—The warrant authorized judgment to be confessed for $459 for attorney's fees, to be added to the amount of the judgment. An objection that only $100 was added for attorney's fees, and that the warrant did not authorize confession for the latter amount, has no force. The lesser amount was included in the greater, and no benefit can accrue to the judgment debtor by insisting on having the judgment for the larger amount.

4. WHO MAY CONTEST JUDGMENT.—If the judgment was invalid, subsequent judgment creditors might insist that the plaintiffs therein should take nothing on it as against them, but they have no right to intermeddle in the matter to ask the court to set it aside. The judgment creditor could alone do that.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed November 1, 1879.

Mr. THOMAS H. HUTCHINS, and Messrs. LYMAN & JACKSON, for appellants; that judgment could be entered in vacation, cited Durham v. Brown, 24 Ill. 94; Tucker v. Gill, 61 Ill. 236; Wells v. Norton, 10 Wis. 470; Stephen's Pl. 110; 1 Tidd's Pr. title "Judgment by Confession;" 1 Burrill's Pr. 49.

The judgment cannot be set aside on account of the deviation in warrant as to attorney's fees: Blaikie v. Griswold, 10 Wis. 298.

The duty of the clerk in entering judgment by confession in vacation, is not a judicial one; Durham v. Brown, 24 Ill. 94; Pickett v. Thurston, 7 Ark. 397; Blaikie v. Griswold, 10 Wis. 298; Wells v. Norton, 10 Wis. 470.

The judgment debtor can alone object: Swiggart v. Harber, 4 Scam. 364; Rockwell v. Jones, 21 Ill. 279; Chestnut v. Marsh, 12 Ill. 173; Lane v. Bommelman, 17 Ill. 95.

The judgment cannot be attacked collaterally: Goodwin v. Mix, 38 Ill. 115; Wimberly v. Hurst, 33 Ill. 166; Wright v. Wallbaum, 39 Ill. 555; Elston v. Chicago, 40 Ill. 514; Mulford v. Stalzenback, 46 Ill. 303; Huls v. Buntin, 47 Ill. 396.

A third person cannot interpose unless the judgment was

collusively entered, where no indebtedness existed: Freeman on Judgments, 63; Drexel's App. 6 Barr, 272; Martin v. Judd, 60 Ill. 78; Phillips v. Demoss, 14 Ill. 410; Denton v. Noyes, 6 Johns. 296; Brown v. Nichols, 42 N. Y. 26; Holbert v. Montgomery, 5 Dana, 11.

The judgment debtor has a right to release errors: Frear v. Com. Nat. Bank, 73 Ill. 473; Hall v. Hamilton, 74 Ill. 437.

The record does not show that appellees ever made a levy; a valid levy can only be made by taking possession of the property: Davidson v. Waldron, 31 Ill. 120.

The property when levied upon was in the custody of the law and not liable to levy under appellee's execution: Taylor v. Caryl, 20 How. U. S. 595; Ludden v. Leavett, 9 Mass. 104; Bashear v. West, 7 Pet. 608; Hagan v. Lucas, 10 Pet. 400; Peck v. Jennes, 7 How. U. S. 455; Freeman v. Howe, 24 How. U. S. 455; Brown v. Clark, 4 How. U. S. 4.

A debtor may prefer a creditor: Howell v. Edgar, 3 Scam. 417; Ramsdell v. Sigerson, 2 Gilm. 78; Cooper v. McClun, 16 Ill. 435; Gibson v. Rees, 50 Ill. 383.

Messrs. HOUSE & AKIN, for appellees; that the authority to confess judgment without process, must be clear, explicit, and strictly pursued, cited Frye v. Jones, 78 Ill. 627; 1 Tidd's Pr. 552; Chase v. Dana, 44 Ill. 262.

The authority of the attorney must affirmatively appear: Roundy v. Hunt, 24 Ill. 600; Rising v. Brainard, 36 Ill. 79; Martin v. Judd, 60 Ill. 78.

Judgments entered in vacation are not accounted judicial acts; and all the papers filed become part of the record without being preserved in a bill of exceptions: Durham v. Brown, 24 Ill. 94; Roundy v. Hunt, 24 Ill. 600.

The power was not rightfully exercised in relation to the amount stipulated for attorney's fees: Tucker v. Gill, 61 Ill. 236.

LACEY, J.   Judgment was confessed in the Will county Circuit Court in vacation, after the January term, A. D. 1879, by George J. Monroe, attorney for Harley M. Lyford, in favor of appellants, and against said Lyford for the sum of $4,221.02

and of date of May 10, 1879, and execution was issued thereon, and placed in the hands of the sheriff of Will county the same day.

This judgment was confessed on a note given by Lyford to appellants, dated January 23, 1879, for the sum of $4,596.03, due on demand and without grace, with the rate of ten per cent. interest from date.   Attached to said note was a power of attorney under seal, which authorized any attorney at law of the State of Illinois, to appear before any court of record of said State, and confess judgment for the above mentioned sum and accrued interest thereon, together with costs of suit and $459 for attorney's fees, said attorney's fees to be included in said judgment as a part of the damages on said note; and to release all errors and all proceedings in the nature of a stay of execution, appeal or petition in error.   Subsequently appellees obtained two judgments against said Lyford before a justice of the peace, and one in the Circuit Court for the sum of $200, $179.10 and $351 and costs respectively, and transcripts on the justice of the peace judgments were taken and filed in the clerk's office of the Circuit Court, and executions issued on all of them and placed in the hands of the sheriff.   In the meantime, the sheriff had collected on the appellant's execution the sum of $1,708.25, on which if the judgment of appellants be valid, they had a prior lien to appellees' judgments and executions. On the 12th day of June, appellees appeared in open court in said county, and made a motion in the cause of appellants against Lyford to set aside, annul or amend appellant's judgment, and for a rule on the sheriff to apply any money in his hands in payment of their judgments and executions, for the reason that the warrant of attorney did not authorize or empower the confession of judgment in vacation, and the judgment is not in accordance with the power of attorney.

The court sustained the motion, and ordered the sheriff to apply the said money in satisfaction of appellee's judgments, in exclusion to that of appellants', to all which appellants excepted, and appealed to this court.

This brings up the question as to the sufficiency of the power of attorney to authorize the confession of judgment in vacation.

It will be seen by reference to the power of attorney, that it does not expressly say that the judgment may be confessed in vacation, but that any attorney of the State of Illinois may appear before any court of record in said State and confess judgment, etc.

What, then, did Lyford mean by the term court of record, when the power of attorney was signed? Sec. 66 of Chap. 110, R. S. 1874, provides that "any person, for a debt *bona fide* due may confess judgment by himself, or attorney duly authorized, either in term time or vacation, without process. Judgments in vacation shall have like force and effect, and from the date thereof become liens in like manner and extent as judgments entered in term."

The title of the act of which the above quotation is part, is "An act in regard to practice in courts of record." Section sixty-six is a part of the practice to be followed "in a court of record," to wit: the Circuit Court.

The judgment, when rendered in accordance with the provisions of said section, becomes, and is made by it, a judgment of a court of record.

The statute provides that any person, etc., may confess judgment, and the judgments entered in vacation shall have the same force and effect as judgments entered "in term." The statute does not in express terms state when the judgments shall be entered, but the subject of the act is "practice in a court of record," and we know that it means that judgments may be entered by confession in a court of record, and this may be done in term time or vacation.

If entered in vacation, they are to have the same force and effect as if entered in term. What is understood by the words "in term?" It means that the judgments confessed in vacation shall have the same force and effect as those entered in the term time of court. We see that a judgment may be confessed in court in vacation as well as at the session.

The obvious meaning of the warrant of attorney was to give the power to confess the judgment in any of the ways and at any time in which it was allowed by law to be done, so it was in a court of record. The judgment is a judgment of a court

of record, though confessed in vacation before the clerk.

It is objected, also, by the appellees that the warrant of attorney authorized judgment to be confessed for $459 for attorney's fees, and that to confess judgment in this case for $100 attorney fee was not within the power granted. We see no force in the objection. The lesser amount was included in the greater. No benefit could be derived to Lyford to insist on having the judgment confessed for $459. Blaikie v. Griswold, 10 Wisconsin, R. 298.

We are, therefore, of the opinion that the Court erred in ordering the money in the sheriff's hands to be applied to the payment of appellee's executions; and it was also error to order the judgment against Lyford in favor of plaintiffs to be set aside on the application of appellees, who were in no way a party to that judgment.

If the judgment were invalid they might insist that appellants should take nothing on it as against them, but they had no right to intermeddle in the matter to ask the court to set it aside. Lyford could alone do that.

For these reasons the judgment of the court below is reversed.

Reversed.