# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

### THE HAVENS & GEDDIS COMPANY

*v.*

### THE FIRST NATIONAL BANK OF PANA.*

*Filed at Springfield June 11, 1896.*

1. JUDGMENTS AND DECREES—*confession by an insolvent debtor is not fraudulent.* Confession of a judgment in favor of a creditor is not in itself fraudulent, although the confessing debtor was at the time insolvent.

2. SAME—*confession in vacation—stranger can attack only for fraud.* A motion of judgment creditors to set aside prior judgments confessed by their debtor in vacation, in favor of another creditor, cannot be sustained except upon a showing of fraud by the debtor in making such confession.

3. SAME—*confession for too large a sum—who may complain.* That a judgment confessed in vacation is for too large a sum, caused by the addition of attorney's fees which the clerk, under the power of attorney to confess, had no right to fix, can be complained of, in the absence of fraud, only by the defendant in such judgment, and not by strangers.

*First Nat. Bank* v. *Havens & Geddis Co.*, and *First Nat. Bank* v. *Terre Haute Shoe Co.* 61 Ill. App. 213, reversed.

---

*The three cases of *Havens & Geddis Co.* v. *First Nat. Bank of Pana*, *Same* v. *Same*, and *Terre Haute Shoe Co.* v. *First Nat. Bank of Pana*, were considered and decided with this case.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. JACOB FOUKE, Judge, presiding.

This is an appeal from a judgment in the Appellate Court modifying a judgment of the circuit court of Christian county. On November 14, 1894, the First National Bank of Pana recovered judgments, by confession in vacation, upon promissory notes, as follows: Three against A. C. Seitz and A. M. Craddick, as partners, composing the firm of Seitz & Craddick, respectively, the first two for $3800 each, including $208.80 attorney's fee; one for $1126.06, including $100 attorney's fee; and one against A. C. Seitz in the sum of $4915, including $200 attorney's fee. The warrant of attorney by virtue of which each of said judgments was rendered, authorized "any attorney of record to confess judgment for the amount due the holder of the note, together with costs and reasonable attorney's fees," and the sums above indicated were included in the judgments for such fees. On the 15th day of November, 1894, executions issued on these judgments were levied upon a stock of general merchandise as the property of A. C. Seitz. On November 20 following, during the November term of the Christian circuit court, four judgments were rendered in open court against said A. C. Seitz by confession,—one in favor of the Terre Haute Shoe Company, for $1070.14, and the other three in favor of the Havens & Geddis Company of Terre Haute, for $1240.01, $2715.07 and $455.61, respectively. Afterwards, and during the same term, the Havens & Geddis Company and the Terre Haute Shoe Company, respectively, filed a motion in each of said cases, asking that the judgments entered in vacation in favor of the bank be set aside and the executions issued thereon and the levies thereunder be quashed, and also that a rule be entered against the sheriff directing him to levy execu-

tions issued upon the judgments rendered in term time, in favor of the parties making the motion, upon the stock of merchandise owned by Seitz, and that the goods be sold under such levies, and that the proceeds be applied to the payment of their judgments.  The circuit court, after overruling cross-motions to dismiss the proceeding, entered an order modifying the judgments entered in vacation, reducing each of them the amount of the attorney's fees allowed, and directing that the lien of the executions thereon .be postponed and made junior to those of the parties making the motion.   From this order in each of the four cases the bank appealed to the Appellate Court, where the ruling of the circuit court, in so far as it gave priority to the judgments of these appellants, was reversed, that court holding that while the order modifying the judgments to the extent of the attorney's fees was right, the judgments so modified were still entitled to priority.  Appellant brings the cases to this court, seeking a reversal of the judgment of the Appellate Court.   The four cases are argued and considered as one.

The motions to set aside the judgments in favor of the bank were based upon the following alleged reasons: First, that said Seitz is insolvent, and has no property except said stock of dry goods, etc.;  second, that executions were issued upon each of the four judgments entered on the 14th day of November, 1894, in favor of the First National Bank of Pana, Ill., and against A. C. Seitz and Seitz & Craddick, on November 14, 1894, and delivered to said sheriff, and by him levied upon and taken possession of the whole of said stock of goods, fixtures, etc., as the property of said Seitz, and that said property is not sufficient to satisfy said four executions in favor of said bank and the execution in favor of plaintiff herein, and that said sheriff is proceeding to sell said stock of goods under and by virtue of said execution and levies in favor of the First National Bank of Pana, Ill., and to apply the proceeds of such sale in payment and satisfaction thereof;

third, that the several judgments, and each of them, so confessed in favor of said bank, or a part thereof, were without consideration, and a fraud upon the plaintiff and the general creditors of said Seitz and Seitz & Craddick; fourth, that the inclusion in each of said warrants of attorney and each of said several judgments, of attorneys' fees, renders each of said judgments void; fifth, that each of said judgments is for a larger sum than was due upon the note upon which it was confessed, and was unauthorized by the warrant of attorney in said note; sixth, that said judgments, and each of them, are for a larger amount than was authorized by the warrant of attorney under which they were severally confessed; seventh, that said judgments, and each of them, are void for want of sufficient proof of the execution of the warrant of attorney upon which they were confessed; eighth, that the execution of the said several promissory notes and warrants of attorney upon which said judgments were confessed was procured by the false and fraudulent representations of said plaintiff, by its cashier, to the maker of said notes; ninth, that said judgments, and each of them, were entered by the court, as appears by the record; tenth, that there is no sufficient record of either of said judgments appearing in this court, nor does authority appear of record for entering said judgments, or either of them; eleventh, that each of said executions was issued before the judgment which purports to have been issued was written up; twelfth, that the two notes of $500 each, upon which judgment was confessed for $1126, and signed in the firm name of Seitz & Craddick, were signed by A. C. Seitz without the knowledge or consent of Craddick, and void; that the two judgments for $3800 each, confessed, respectively, upon the two notes for $3500 each, with warrant of attorney attached, authorizing the confession for the amount that may appear to be due, with reasonable attorneys' fees and costs, were signed in the firm name of Seitz & Craddick by A. C.

Seitz, without the knowledge or consent of Craddick, and that each of said judgments is for a larger amount than due upon the notes, and void.

PALMER, SHUTT, DRENNAN & LESTER, for appellant:

The rule that none but parties to the judgment are permitted to interfere, admits of exceptions.  If a party confess judgment for too much, or not in conformity to the statute, it may be set aside by a judgment creditor. 2 Freeman on Judgments, (4th ed.) sec. 557.

A judgment by confession without action, when the statute has not been pursued, though conceded not to be absolutely void, may be avoided in various ways by persons who are not parties. *Bannon* v. *People,* 1 Ill. App. 499.

If these judgments are void for any reason, they may be questioned by anybody in whose way they get or with whose interests they conflict.  *Gardner* v. *Bunn,* 132 Ill. 403; *Chase* v. *Dana,* 44 id. 262.

If the judgment is entered in vacation, all the papers are a part of the record.  *Waterman* v. *Caton,* 55 Ill. 94; *Stein* v. *Good,* 115 id. 93; 2 Starr & Curtis' Stat. sec. 65, chap. 110, p. 1828.

The requirements of the practice, under the statute, are quite fully set forth in *Gardner* v. *Bunn,* 132 Ill. 407.

There is no note or power of attorney to be found in the record, to authorize the action of the clerk.  This is the most material part of the description, and a variance is fatal.  *Reitz* v. *Trustees,* 3 Ill. App. 448; *Moon* v. *Sayre,* 4 id. 248; *Hicks* v. *Silliman,* 93 Ill. 256; *Gavin* v. *Chicago,* 97 id. 66; *Railroad Co.* v. *Wieczorek,* 151 id. 579.

E. A. HUMPHREYS, and J. C. McBRIDE, for appellee:

Errors of law will not be considered on a motion to set aside a judgment.  There must be some equitable defense. *Mumford* v. *Tolman,* 157 Ill. 258; *Farwell* v. *Houston,* 151 id. 239; *Thomas* v. *Mueller,* 106 id. 42; *Martin* v. *Judd,* 60 id. 83; Freeman on Judgments, (2d. ed.) sec. 516 ; *Adam* v. *Arnold,* 86 Ill. 185.

The motion made by appellant in the court below is substituted for a proceeding in chancery, and relief will be granted under it only upon equitable doctrine.  *Farwell* v. *Houston, supra.*

Where judgment confessed in vacation includes a reasonable attorney's fee, to that extent it should be modified.  *Campbell* v. *Goddard,* 117 Ill. 252, and 17 Ill. App. 382; *Boynton* v. *Rennick,* 46 Ill. 282; *Zuckermann* v. *Solomon,* 73 id. 130; *Frye* v. *Jones,* 78 id. 631; *Inglehart* v. *Morris,* 34 id. 501.

Power to confess judgment should not be so strictly construed as to defeat the evident intention of the parties.  *Holmes* v. *Parker,* 125 Ill. 478.

The law is so averse to permitting litigants to be defeated in their just dues, that it will not allow slight discrepancies or irregularities to vitiate a judgment.  *Osgood* v. *Blackmore,* 59 Ill. 266.

When a judgment is confessed before the clerk in vacation, all of the papers filed,—declaration, warrant of attorney, proof of execution, judgment and plea of confession,—constitute the record.  *Durham* v. *Brown,* 24 Ill. 94; *Waterman* v. *Caton,* 55 id. 94.

Evidence *dehors* the record will never be received for the purpose of impeaching a judgment collaterally.  *Barnett* v. *Wolf,* 70 Ill. 81; 1 Black on Judgments, sec. 278; *Harris* v. *Lester,* 80 Ill. 314.

The clerk having once acquired jurisdiction, irregularities or errors may render the judgment unjust or erroneous, but not void, and the injustice or error is to be corrected by the court.  *Gardner* v. *Bunn,* 132 Ill. 412.

But the true rule appears to be, that if there has been an attempt to fulfill all the requirements of the law, the judgment is at most only voidable, although the execution of such attempt be informal or defective.  1 Black on Judgments, sec. 67.

It is said in *Little* v. *Dyer,* 138 Ill. 278, that the authority to enter judgment by confession is just as broadly given to the clerk in vacation as to the court acting in

term time.   And surely no court would have hesitated to enter up judgments on these affidavits.

Where judgment is equitable and just it will not be set aside because the proof of the execution of the power of attorney is defective.   *Hempstead* v. *Humphrey*, 38 Ill. 97; *Stuhl* v. *Skiff*, 44 id. 133; *Rising* v. *Brainard*, 36 id. 79.

Mr. JUSTICE WILKIN delivered the opinion of the court:

A cross-motion to strike the original motion from the files was duly entered and overruled.   It was insisted by the bank in the Appellate Court that the circuit court erred in so overruling the cross-motion, and that insistence is renewed here.   The question is thus raised at the threshold of the case, whether appellants, as judgment creditors of the defendants in the confessed judgments, can, by motion upon any of the alleged grounds, attack such judgments.

Black, in his work on Judgments, (vol. 1, sec. 293,) speaking of the right of parties to attack judgments for fraud, says:   "Hence a judgment confessed without any consideration, and with fraudulent intent, may be questioned by other judgment and execution creditors of the defendant, and as to them the judgment and execution thereon will be vacated and set aside.   *   *   *   But inasmuch as the law always favors the stability and finality of judgments, it is held that a stranger who thus seeks to impeach a judgment as a fraud upon his rights must show the fraud by clear and satisfactory proof." And in the next section he further says:   "It is no ground for the intervention of third persons that fraud has been practiced *upon* the debtor,—it must be fraud practiced *by* the debtor, either alone, or, as is more commonly the case, in collusion with the plaintiff in the judgment."   So Freeman on Judgments, (vol. 2, sec. 558a,) after stating that the effect of a judgment by confession is not substantially different from the effect of one entered in a contested litigation, uses this language:   "Strangers to the

judgment may impeach it on the same grounds as other judgments are impeachable upon, and may therefore show that it was given and accepted for the purpose of hindering, delaying or defrauding creditors or forcing them to make a compromise, or may show that its date or recitals are not true, but cannot impeach it for fraud practiced on the debtor in obtaining his confession, where there was no collusion between him and his creditor."

It is only necessary to call attention to the twelve reasons above set forth and incorporated in the motions why the judgments confessed in vacation should be vacated or modified, to show that, within the rule announced by these authors, appellant had no standing in the circuit court. It was not fraudulent for the debtor to confess judgment in favor of a creditor, though he was at the time insolvent. *Hier* v. *Kaufman*, 134 Ill. 215.

Neither is it pretended that the third allegation, to the effect that there was no consideration for the confessed judgments, is supported by the evidence. Both courts below have found to the contrary. The only ground upon which either court modified those judgments was, that attorneys' fees were improperly included in them,—and this not because it was illegal to provide in the notes for such fees or because they could not properly have been included in the confessions if they had been entered in term time, but solely because the clerk had no power to determine the reasonableness of the fees. It is not even claimed that the amounts allowed are unreasonable or inequitable. All that can be said is that the judgments are too large, and that under the rule announced in *Campbell* v. *Goddard*, 117 Ill. 251, the defendants to the judgments would have had the right to have them modified. That the bank caused the amounts included as attorneys' fees to be added for the purpose of hindering, delaying or defrauding other creditors is not claimed, much less that defendants, or either of them, in any way colluded with it to accomplish such purpose,

*Adam* v. *Arnold*, 86 Ill. 185, was a case not unlike this, and it was there held that a judgment by confession under a power for a sum in excess of that due cannot be set aside at the instance of a stranger, although he be a creditor of the debtor; that the defendant in the judgment alone can complain, and he should have the error corrected, on motion, in the court below.   To the same effect is *Kellogg* v. *Keith*, 4 Ill. App. 386.

On the theory that the motion was properly entertained by the circuit court we think the decision of the Appellate Court is right.   There is no equitable or just principle upon which appellant could, under the facts of the case, be given a preference over appellee.   We are, however, clearly of the opinion that, on the authorities above cited, the circuit court erred in overruling the motion to dismiss the proceeding, and for that error its judgment, as well as that of the Appellate Court, must be reversed and the cause remanded to the circuit court, with directions to dismiss the motions at the cost of the parties making the same.     *Reversed and remanded.*