## Chicago Tip and T. Co. et al. v. Chicago National Bank.

1.  CORPORATIONS—*Execution of Judgment Note—Authority Presumed.*—Where the general financial manager of a corporation makes a judgment note in the course of business, it will be presumed, without any showing of a resolution by the board of directors, that he was empowered to execute the note and warrant of attorney.

2.  SAME—*Seal Not Necessary to Validity of Judgment Note.*—The fact that the corporate seal is not attached to a judgment note executed by an officer of the corporation, in the name of the corporation, does not affect the validity of the note.

3.  JUDGMENTS BY CONFESSION—*Presumptions in Favor of.*—Where a judgment is confessed in open court, it must be presumed that the authority to confess was judicially passed upon by the court.

4.  SAME—*Who May Object.*—A third person has no right, in the absence of fraud, to object to a judgment by confession, on the ground that it was confessed without any authority to do so.

Petition, in assignment proceedings.  Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding.  Heard in this court at the October term, 1897.  Affirmed.  Opinion filed March 3, 1898.

### STATEMENT OF THE CASE.

The record discloses that the March-Davis Cycle Com-
pany, a corporation, was indebted to the Chicago National
Bank on two promissory notes, aggregating $15,000. That
on the 29th of May, 1896, a judgment note for $15,000, with
warrant of attorney to confess judgment at any time there-
after, was given to the Chicago National Bank as collateral
to the above notes, executed in the following manner:

"March-Davis Cycle Co., by C. C. Murray, Treas."

On June 1, 1896, the Chicago National Bank caused judg-
ment to be entered on said judgment note for $14,177.60.
An execution issued, and sheriff levied on all personal prop-
erty of said March-Davis Cycle Company. On the same
day, a short time after the sheriff had levied upon said
property, March-Davis Cycle Company made a general
assignment for the benefit of its creditors. On the 9th of
June, the property of said March-Davis Cycle Company
levied upon by the sheriff was delivered up to the assignee,
subject to the rights of the Chicago National Bank to a
first lien on the funds.

The appellants filed their petition in the County Court,
alleging that they were general creditors of the March-
Davis Cycle Company and entitled to share in the distribu-
tion of said estate, and that said judgment note was given
for the purpose of allowing the Chicago National Bank to
obtain a preference over the other creditors, charging that
the bank was in collusion with the officers of said insolvent
in such manner as to make said preference an illegal pref-
erence, and also alleging that the warrant of attorney in
said judgment note was given without authority, and there-
fore that the judgment was void and did not give the bank
a preference over the general creditors on the funds of said
insolvent estate. It was alleged that the note had been
executed by the treasurer of the company, C. C. Murray,
without authority from the board of directors; that the seal
of the company was not attached to the said judgment note,
and that said C. C. Murray, treasurer, did not have power
by virtue of his office to execute the judgment note. In

answer, the appellee denied collusion with the officers of said insolvent company, and also denied that said judgment note was given without authority, but insisted that said Murray, the treasurer of the insolvent company, was the general financial agent of said company and had the right and authority to execute the note and warrant of attorney.

A hearing was had, and the County Court dismissed appellants' petition, from which order of dismissal this appeal is prosecuted.

WICKERSHAM & HAYNER, attorneys for appellants.

R. L. TATHAM, attorney for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

Appellants have abandoned those allegations of their petition which charge collusion in the procuring of the judgment note. The only question here presented is as to the alleged want of authority in executing the warrant of attorney. This question is raised, not by the maker of the note, the judgment debtor, but by strangers to the transaction, whose right of interference, if any, must arise from the fact that they are creditors of the judgment debtor. It appears from the evidence that Murray, who executed the note and warrant of attorney in the name of the March-Davis Cycle Co., was treasurer and general financial officer of the company, and represented the company in all its dealings with the bank. No resolution by the board of directors of the company authorizing the execution of this note and warrant of attorney is shown. No other judgment note had ever been executed by the company. The execution of this note was not under the seal of the corporation.

Without any showing of a resolution by the board of directors, it will yet be presumed, upon the facts here, that the financial officer of the corporation was empowered to execute the note and warrant of attorney. Atwater v. American Exchange Bank, 152 Ill. 605.

And the fact that the corporate seal is not attached does not preclude such *prima facie* validity, there being no showing of want of authority. Snyder Bros. v. Bailey, 165 Ill. 447.

And when judgment is confessed in open court, it is presumed that the authority to confess it was judicially passed upon by the court. Hall v. Jones, 32 Ill. 38.

But whether the warrant of attorney was properly executed, and valid to empower the attorney who acted for the debtor in confessing this judgment or not, yet, in the absence of fraud, no question can be raised by appellants as to the authority of such attorney. Martin v. Judd, 60 Ill. 78; Farwell v. Huston, 151 Ill. 239; Havens & Geddis Co. v. First National Bank, 162 Ill. 35.

There is here no showing of fraud or collusion. The judgment debtor does not question the authority upon which its attorney acted.

The judgment is affirmed.