## Caleb Chase et al. v. Ellen Tuckwood.

1. JUDGMENT BY CONFESSION—*When Collusively Entered.*—A judgment by confession collusively entered, no indebtedness whatever existing, is fraudulent and void, and can be attacked by any one whose interests are adversely affected by it.

2. SAME—*Where the Judgment Debtor Alone Can Impeach It.*—Where there is actual indebtedness secured by a judgment note, a judgment thereon is not void, and the judgment debtor only can impeach it.

Attachment, intervening petitions, etc. Appeal from the Superior Court of Cook County; the Hon. GEORGE A. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

**Statement.**—Appellants sued out a writ of attachment in the Circuit Court against a corporation known as the Bombay Tea Company, under which the sheriff levied upon certain of the company's property. The same day a judgment by confession was entered in the Superior Court against said company, in favor of the appellee, and levied upon the same property.

The property so levied upon was sold in due course, and the proceeds remained in the hands of the sheriff, awaiting an order of court to determine the rights of the respective parties in connection therewith. Subsequently the Superior Court granted to appellants leave to file their intervening petition in the case in which the judgment by confession had been entered, which was done. This petition alleges fraud and collusion between the appellee and the judgment debtor, and prays that the judgment lien be postponed, subject to the lien of the attachment writ. Appellee herein thereupon, after his motion to strike the petition from the files had been denied and a demurrer overruled, answered the petition, alleging that the judgment note in question was given to secure payment of $1,600

loaned to the Bombay Tea Company by her, through her son, the president of said company. Upon a hearing of the petition on the merits, the court found the allegations of fraud, collusion and want of consideration not sustained, and denied appellants the relief prayed for by their petition.

There was evidence tending to show that appellee furnished money to start her son in a retail tea and coffee business, which was conducted by him under the name of the Bombay Tea Company before it was incorporated. The loans thus made by appellee to her son amounted to $900 before the incorporation, and she subsequently loaned him $700 more after incorporation, which money he states was used in the business of the Tea Company, of the stock of which he was sole owner. She testifies that she several times asked her son to secure her, and five days before the judgment by confession was entered he caused the judgment note to be executed. The writ of execution under the judgment, and the attachment writ, were placed in the sheriff's hands almost at the same time, the attachment having the precedence by about two minutes.

WHEELER & SILBER, attorneys for appellants.

An attaching creditor obtains such an interest and lien by levy of his attachment that he occupies the position of a judgment creditor, as far as the attachment is concerned. Rinchey v. Stryker, 26 How. Pr. 75; Thayer v. Willet, 9 Abb. Pr. 330; Falconer v. Freeman, 4 Sandf. Ch. R. 565; Kelly v. Lane, 28 How. Pr. 128; Greenlief v. Mumford, 30 How. Pr. 30; Bates v. Plonsky, 62 How. Pr. 429; Potter v. Mather, 24 Conn. 551; Dodge v. Griswold, 8 N. H. 425; Dixon v. Hill, 5 Mich. 404.

A stranger whose rights are affected may impeach a judgment collaterally on the ground of fraud and collusion. Sidensparker v. Sidensparker, 52 Me. 481; Drexel's Appeal, 6 Pa. St. 272; Lowber & Wilmer's Appeal, 8 Watts & S. 387; Pierce v. Carleton, 12 Ill. 358; Black on Judgments, Secs. 260, 293, 336; Freeman on Judgments, Vol. 2, Sec. 336.

Proceedings to prevent execution of a judgment consti-
tute collateral and not direct attack upon the judgment.
Krug v. Davis, 85 Ind. 309; Black on Judgments, Vol. 1,
Sec. 253.

A stranger to a fraudulent and collusive judgment may
attack it whenever and wherever it comes into conflict with
his rights, not to have it set aside, but to render it a nullity
as to him.   Dougherty's Appeal, 9 Watts & S. 189; Smith
v. Cuyler, 78 Ga. 654; Black on Judgments, Sec. 293;
Palmer v. Martindell, 43 N. J. Eq. 90; Shallcross v. Deats,
43 N. Y. Law, 177; Bryant v. Harding, 29 Mo. 347.

A. W. FULTON, attorney for appellee.

When the court has jurisdiction of the parties and sub-
ject-matter (in the absence of actual fraud) errors and
irregularities affecting a judgment can only be called in
question by the debtor in a direct proceeding for that pur-
pose.   A stranger (a judgment or attaching creditor) can
not interfere.   Pierce v. Carleton, 12 Ill. 362; Havens v.
First National Bank, 162 Ill. 42; Kellogg v. Keith, 4 Ill.
App. 386; Adams v. Arnold, 86 Ill. 186; Gardner v. Bunn,
132 Ill. 404; Martin v. Judd, 60 Ill. 84; Magnusson v.
Chonholm, 51 Ill. App. 476; Freydendall v. Baldwin, 103
Ill. 325; Brewster v. Riley, 19 Ill. App. 581; Atwater v.
Exchange National Bank, 152 Ill. 620; Thomas v. Mueller,
106 Ill. 36; Burch v. West, 134 Ill. 267; Swiggart v.
Harber, 4 Scam. 364; Sidensparker v. Sidensparker, 52
Me. 481; Lowber & Wilmer's Appl., 8 Watts & S. 387;
Drexel's Appl., 6 Pa. St. 272; Krug v. Davis, 85 Ind. 309.

While judgment creditors have been allowed to attack
other judgments on the ground that they were void for
fraud or lack of jurisdiction, it has been held, in this and
other States, that an attaching creditor has not the same
standing as a judgment creditor.   The rule seems to be
that a valid claim against the judgment debtor must be
shown, and that prior and superior equities are affected
before a third party may be allowed to intermeddle.
Stevens v. Newman, 68 Ill. App. 549; Brewster v. Riley,

19 Ill. App. 581; Freydendall v. Baldwin, 103 Ill. 329; Kingman v. Reinemer, 58 Ill. App. 178; Martin v. Judd, 60 Ill. 84; Fort v. Fort, 9 Wend. (N. Y.) 442; Wintringham v. Wintringham, 20 Johns. (N. Y.) 295; Dodge v. Griswald, 8 N. H. 425.

Mr. JUSTICE FREEMAN delivered the opinion of the court.

Counsel for appellants discuss at considerable length in their brief the question whether the Superior Court had power to grant the relief sought by the attaching creditors in the intervening petition.

If the judgment by confession was collusively entered, no indebtedness whatever existing, the transaction would be fraudulent and void, and could be attacked by any one whose interests were thereby adversely affected. Martin v. Judd, 60 Ill. 78–85, and cases there cited.

It is upon such contention that appellant's attack is based. But there was evidence in this case tending to prove the existence of an actual indebtedness as consideration for the judgment note and there was no evidence disproving such claim. The judgment based upon such note can not then be regarded as void, and it is said, in the case above referred to, that only the party himself can impeach it.

The petition charged that the alleged indebtedness was fictitious, that the company was never indebted to appellee in any sum whatever, and asked the court to exclude appellee from participation in the proceeds of the sheriff's sale. The court would, it is conceded, have had power, under this proceeding, to enter into an investigation of the good faith of the claim upon which the judgment by confession was based, had the attaching creditor reduced his claim to judgment. Brewster v. Riley, 19 Ill. App. 581.

But it did, we think, have the power at the instance of the attaching creditors, the question being whether the judgment was absolutely void because based upon no indebtedness. If it was thus void appellee could take nothing under it, when that fact was once established. It could in such case be assailed by a stranger to the record, and the

appellants' rights under the attachment writ would be not only superior, but exclusive as against appellee. Martin v. Judd, *supra;* Freydendall v. Baldwin, 103 Ill. 325–329. See also Havens & Geddis Co. v. First Nat. Bank, 162 Ill. 35. The evidence, however, did not sustain the petition in this respect.

It is urged that the alleged indebtedness was not a *bona fide* debt of the corporation, but the individual debt of the president.

There is evidence tending to show that the money borrowed from appellee was used in the business of the Bombay Tea Company, part of it before the incorporation and a part afterward. The proof rests mainly upon the testimony of the president of the company, who is the son of appellee. While such testimony, under the circumstances of this case, is open to suspicion, it is not disproved, and we can not say the trial court erred in its findings. Appellee states that she loaned money to the Bombay Tea Company in response to requests from her son. If the statements of these witnesses are true, they seem to show that appellee let her son have this money for use in the business. So much of it as went into the business before incorporation was undoubtedly the personal debt of the son, and the assets of the business turned over to the corporation in payment for its capital stock may not have been chargeable with his personal debt.

The corporation paid him therefor by its capital stock, and appellee had loaned the money to him individually. But, however that may be, the loan made subsequently, if it went into the business of the company, was its own debt. This, according to the evidence, was about seven hundred dollars. The proceeds of the sheriff's sale amounted to less than three hundred dollars. The fact that the judgment was for a sum larger than the actual indebtedness is not, therefore, material. The appellants are not thereby injured. The judgment debtor may impeach the judgment but the appellants can not. Havens & Geddis Co. v. First Nat. Bank, 162 Ill. 35, and cases there cited.

The judgment of the Superior Court must be affirmed.