James Charlesworth, Appellant, v. W. G. Smith, Appellee.

Gen. No. 9,522.

Opinion filed February 24, 1947. Rehearing denied May 6, 1947. Released for publication May 7, 1947.

JOSEPH E. WINTERBOTHAM, of Winchester, for appellant.

C. G. COLBURN, of Virginia, and VICTOR HEMPHILL, of Carlinville, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

Plaintiff appellant, James Charlesworth, was a judgment creditor of William Charlesworth, and by his

complaint attacked the validity of the judgment of another creditor of William Charlesworth, W. G. Smith, with the object of obtaining the sum of $2,516.75 to apply towards satisfaction of his judgment. This latter amount represented the share of William Charlesworth in the proceeds of a partition sale, on deposit with the clerk of the court. On motion, the complaint was dismissed for want of equity and plaintiff appeals.

Although a concise statement of the factual situation is difficult, the allegations of the pleadings present the legal issues involved, the facts being practically undisputed. The complaint, filed January 8, 1945, charges that William Charlesworth, on July 28, 1943, became the owner by descent of a one fourth interest in certain real estate; that in 1914, plaintiff went security on a note of William, paid the note, and secured judgment against him on January 9, 1917, for $1,210; that on learning that the real estate in which William had an interest was to be sold, plaintiff obtained a judgment note from the latter, October 16, 1944, upon which judgment was entered by confession, October 18, 1944, in the sum of $2,515 and the prior judgment was released; that the defendant, W. G. Smith, was made a defendant in a partition suit involving William's share in the real estate by reason of an alleged judgment of Smith against William, dated May 29, 1941, in the sum of $2,347.46; which judgment was as entered by the clerk in vacation; that plaintiff was not a party to this suit; that the partition decree found that the judgment of Smith was a valid lien upon the interest of William and should be paid out of the proceeds of the sale; that plaintiff did not know of Smith's judgment until November 11, 1944; that the Smith judgment was void for reasons hereinafter discussed; closing with the prayer that the Smith judgment be set aside and that the money received from the sale of the interest of William be paid to plaintiff.

Defendant's answer asserted that he was the legal holder of William's note, that his judgment was valid, and that in any event it could not be attacked by plaintiff, a third party.

Considering first the question whether or not plaintiff could legally attack the judgment of defendant, the law seems to be well settled that such a judgment may only be so attacked by a third person on the ground of fraud practiced by the debtor, alone or in collusion with his creditor. (*Havens & Geddis Co. v. First Nat. Bank of Pana*, 162 Ill. 35; *Farwell v. Huston*, 151 Ill. 239; *Martin v. Judd*, 60 Ill. 78.)

The rule is modified, however, if the judgment is absolutely void, rather than voidable. (*Martin v. Judd, supra.*) In the instant case it is contended that the complaint upon which the Smith judgment was based, alleged that "William Charlesworth promised to pay to the order of the plaintiff by the name, style, and description of E. T. Hunter, Rec. of Farmers & Merchants State Bank," and that this allegation required proof before a court, beyond the powers of the clerk. The case of *Bonner v. Gordon*, 63 Ill. 443, is cited in support of this. However that case concerned an attack on the judgment by the debtor himself and has no application here, under the principles heretofore set forth. It is also urged that the clerk had no authority to make an allowance for attorney's fees, this requiring proof, as the note provided for reasonable fees. This likewise can be complained of only by the debtor himself. (*Havens & Geddis Co. v. First Nat. Bank of Pana, supra.*)

In this case it appears that with reference to the Smith judgment the court had jurisdiction of the subject matter and the parties, the judgment was not void, no fraud has been shown, and plaintiff has no right to attack the same. The judgment of the circuit court in dismissing the complaint for want of equity is affirmed.

*Affirmed.*