## B. L. Renfrow, Appellee, v. John M. Anthony, Appellant.

### Gen. No. 8,271.

Opinion filed January 24, 1929.

ROBERT H. PATTON and B. L. CATRON, for appellant.

CAREY E. BARNES and ED. D. HENRY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On July 9, 1927, a judgment by confession was entered in open court in favor of appellee against appellant for the sum of $790. On motion of appellant the judgment was opened up and leave granted to him to plead. The judgment was ordered to stand as security for the debt.

In the original declaration it was alleged that the defendant (appellant), on May 19, 1926, made his promissory note for the sum of $650, and delivered the same to P. B. Sullivan, doing business as The Standard Light Company, to whose order the same was payable, and that the latter indorsed said note, in writing, by which indorsement said Sullivan, doing business as The Standard Light Company, ordered the same to be paid to the plaintiff (appellee), and delivered the said note, so indorsed, to the plaintiff. After the judgment was opened up, plaintiff, by leave of court, amended the declaration by striking out the words "doing business as The Standard Light Company," and inserting in lieu thereof the words, "under the name, style and description of Standard Light Company."

The motion to open up the judgment and for leave to plead set out numerous reasons therefor and was sworn to. Subsequently, by leave of court, another affidavit was filed in support of said motion. The action of the court in granting the motion was excepted to by appellee and the exception preserved for review by a bill of exceptions, and cross-errors have been assigned thereon. However, from our view of this case, it will be unnecessary to pass upon the cross-errors.

To the amended declaration appellant filed seven pleas, to which a demurrer was sustained to all except the first two. Appellant then, without leave, filed a notice of special defenses under the first plea. This notice was stricken from the files on motion of appellee. Appellant then filed, by leave of court, six more pleas, to which a demurrer was sustained as to all of them except the last or thirteenth plea. The case went to trial upon the amended declaration and the first, second and thirteenth pleas.

The action of the court in sustaining the demurrers to the pleas mentioned is assigned as error, but in our

opinion the pleas were subject to demurrer for the reasons hereinafter stated and the court committed no error in sustaining the demurrers thereto. It is also an elementary rule of practice that questions raised by motions must be preserved for review by bills of exceptions and this includes motions in regard to pleadings. The filing of the notice of special defenses under the first plea without leave of court, after numerous other pleas had been filed, would seem to be a sufficient reason for striking the notice from the files. This question, however, was not preserved by a bill of exceptions and is not before us for review.

The first plea is that of the general issue verified. The second plea sets out that the promissory note was not indorsed or assigned by the payee therein named in manner and form as alleged in the amended declaration. This plea is also verified. The thirteenth plea avers that at the time when the said note was indorsed the title thereto of the indorser, P. B. Sullivan, if any he had, was defective under the statute, in this, that at the time of the execution of the note payable to the order of the Standard Light Company, one Surles, as agent for the Standard Light Company, took and received said note from the defendant for and in consideration of a certain agreement of the said company to install, in a good and workmanlike manner, an electric light plant in the residence and other buildings of the defendant, in accordance with the tenor and effect of a certain order therefor and of an agreement upon the back of said order executed by said Surles, as agent for said company, and that there was no other or further consideration for said note and that the payee named therein, and in said order and agreement, thereafter wholly failed and neglected to install in a good and workmanlike manner and to complete the installation of said light plant so that the same became and was wholly useless for the purposes for which it was installed and of no value to the defendant and was

left in such condition as to render it impossible for the defendant to co-operate with the seller in taking orders for light plants and earning commissions with which to discharge the cost of said plant as provided in said agreement, and that because thereof the entire consideration for said note wholly failed and the same could not be negotiated except in breach of faith, yet the defendant avers that wholly in bad faith and with the object and purpose of depriving the defendant of his defense thereto, the holder of said note, P. B. Sullivan, indorsed and delivered said note to the plaintiff, as alleged in the declaration, but the defendant denies that the plaintiff then and there became the holder in due course under the provisions of the statute of the State of Illinois and that he took the same free from the aforesaid defense of said note. Appellee joined issue on the first and second pleas and replied to the thirteenth plea: (1) that at the time he purchased the note the title thereto was not defective; (2) that the consideration for said note had not wholly failed at the time he purchased it; (3) that he purchased said note and paid value therefor May 22, 1926, and that he had no knowledge of any defect in the title of said note or of any defense to the same and that he became the holder thereof in due course.

After the evidence was heard the trial court instructed the jury to find the issues in favor of appellee and a verdict was returned in conformity thereto.

It is first insisted that the note is void because it is made payable to a fictitious payee. That the said Standard Light Company is not a corporation, partnership or association, and that no authority is shown of P. B. Sullivan to indorse the same. The said note is indorsed as follows: "The Standard Light Co., By P. B. Sullivan. P. B. Sullivan." The evidence shows that for over four years P. B. Sullivan had been engaged in the business of manufacturing and selling light plants at Decatur, Illinois, under the style and

name of "The Standard Light Company" and under this trade name he had manufactured and sold many of said light plants. That a man may conduct his business under a trade name is well established, and in the transaction of his business he may execute and receive negotiable paper in the name under which he transacts such business. The fact that a person in the transaction of his business takes a note wherein the payee appears under the style and name by which he conducts his business does not have the effect of making such payee fictitious. The rule as stated in 8 C. J. 172, is as follows: "The real payee may be described by his business name, or by an assumed name such as that of a fictitious corporation." To the same effect are the following: *Bonner v. Gordon,* 63 Ill. 443; *People v. Rose,* 219 Ill. 46; *Graham v. Eiszner,* 28 Ill. App. 269; *First Nat. Bank of Litchfield v. Cox,* 140 Ill. App. 98.

The evidence shows that appellee purchased the note from Sullivan before maturity at a discount of 10 per cent. The evidence further shows that appellee had purchased, at different times, a number of other notes from Sullivan, given in payment for other light plants at similar discounts. There is no evidence in the record tending to show that appellee had any knowledge that there was any failure of consideration for the note or of any fraud practiced upon appellant by Sullivan or his agent. There is no competent evidence in the record tending to show other than that appellee was a bona fide purchaser of the note for a valuable consideration, before maturity, and the trial court did not err in directing a verdict in his favor. The judgment of the circuit court is affirmed.

*Affirmed.*